## FRED W. HAWKINS v. OTTO S. LANGUM.[1]

June 30, 1911.

Nos. 17,078—(188).

**Intoxicating liquor — seizure and forfeiture.**

   Sections 1553, 1554, R. L. 1905, providing for the seizure and forfeiture of intoxicating liquors, and other property used in their sale, in an unlicensed drinking place, are constitutional.

Action in the district court for Hennepin county against the sheriff of that county to recover $818.50 for conversion. The substance of the answer will be found in the opinion. From an order, Holt, J., overruling plaintiff's demurrer to the answer, `e appealed. Affirmed.

   *Mead & Bryngelson,* for appellant.

   *Brooks & Jamison,* for respondent.

START, C. J.

Action for conversion. The complaint alleged that on the day therein named the plaintiff was the owner and in possession of twenty-two half barrels of malt, six dozen bottles of Purity malt, one bar, one back bar, and one ice box, which the defendant, as sheriff of the county of Hennepin, wrongfully took from plaintiff's possession, and thereafter destroyed the liquor, and sold the balance of the personal property, and converted the proceeds to his own use.

The answer admitted that the plaintiff was the owner of the property, and that the defendant, as sheriff, took it from his possession, destroyed the liquors, and sold the balance of the property. The answer, as a defense, alleged, in effect, that at the time stated in the complaint the plaintiff was keeping an unlicensed drinking place in the village of Excelsior, contrary to the provisions of section 1550, R. L. 1905, and that each article of personal property mentioned in the complaint was by the plaintiff then used in keeping and maintaining such unlicensed drinking place; that complaint was duly made in the municipal court of the city of Minneapolis, char-

1 Reported in 131 N. W. 1014.

ging the plaintiff with such offense, and thereupon a warrant for his arrest was duly issued and delivered to the defendant, commanding him to arrest the plaintiff, and also to seize and hold, subject to the order of the court, all liquors, vessels, bars, bar fixtures, screens, bottles, jugs, and all other appurtenances found therein apparently used in retailing liquors; that pursuant to the warrant, and not otherwise, the defendant arrested the plaintiff, seized the property described in the complaint, and served personally on the plaintiff an inventory of the property so seized and held, and duly made return to the court of such arrest and seizure; that judgment was duly rendered by the court, adjudging the plaintiff guilty of the offense charged and the property seized forfeited to the state, and directed that the liquors be destroyed and the balance sold by the defendant as sheriff; and, further, that the defendant, as such sheriff, duly executed the judgment in this respect, and that the supposed wrongful acts alleged in the complaint are the same acts of the defendant stated herein.

The plaintiff interposed a general demurrer to the answer, and appealed from the order of the district court of the county of Hennepin overruling his demurrer. The contention of the plaintiff in support of his appeal is that sections 1553 and 1554, R. L. 1905, are unconstitutional, in that they provide for the disposition of the property seized without due process of law.

The demurrer admits that the plaintiff was violating the law—that is, keeping an unlicensed drinking place, which was also a public nuisance (R. L. 1905, § 1549); hence the traffic in intoxicating liquors at the place was contraband. It also admits that each item of the property seized was used in the commission of the crime; that the court had jurisdiction of his person, and that the property seized was in the possession and control of the court, to be dealt with as an incident to his trial, of which he had notice by the personal service of an inventory of the property so seized and held; and, further, that the defendant in all that he did was acting as sheriff in strict compliance with the law and the judgment of the court. Upon a careful consideration of the allegations of the answer and the brief of plaintiff's counsel, we are unable to distinguish this case on principle from that of State v. Hanson, 114 Minn. 136, 130 N. W. 79, which

held, following State v. Stoffels, 89 Minn. 205, 209, 94 N. W. 675, that the statute here in question was constitutional. We accordingly hold that the statute is constitutional, and that the answer alleges a defense.

Order affirmed.