STATE v. ONE 1921 CADILLAC TOURING CAR, ET AL.[1]

November 16, 1923.

No. 23,548.

**Sheriff authorized to seize wrecked automobile and liquor.**

1. The statute provides that whenever a sheriff or other peace officer shall find intoxicating liquor being transported in violation of law, he shall seize the liquor and the vehicle used in transporting it and arrest any person in charge of any of the property. An officer who found an automobile loaded with whiskey overturned on a public highway had authority to seize the liquor and the automobile. It was not necessary that the automobile be found in motion, nor that the person in charge be found with it.

**Conviction of employe sufficient basis for forfeiture of car.**

2. Where two persons are engaged in unlawfully transporting liquor by means of an automobile, one as principal and the other as his employe, and the principal is killed in an accident which wrecked the automobile, and the employe is thereafter convicted of the offense, such conviction is a sufficient basis for proceedings to enforce a forfeiture of the automobile.

**Proceeding in rem did not abate by death of car owner.**

3. The proceeding against the automobile is a proceeding in rem and did not abate on the death of the owner.

**Statute constitutional.**

4. The statute did not violate the Constitution in providing that the proceeding against the property should be tried by the court without a jury.

**Procedure. proper.**

5. Bringing the proceeding against the property in the court in which the person in charge of it had been convicted was a compliance with the statute.

Supplemental complaint filed by the county attorney in the district court for Yellow Medicine county against an automobile in which

[1] Reported in 195 N. W. 778.

intoxicating liquor had been found. The further proceedings are mentioned at the end of the second paragraph of the opinion. The matter was heard by Daly, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Clifford L. Hilton,* Attorney General, and *Paul D. Stratton,* County Attorney, for appellant.

*Bert O. Loe,* for respondent Laura Welton.

TAYLOR, C.

Edward Welton was the owner of a Cadillac touring car in which he unlawfully transported intoxicating liquor from points in the Dominion of Canada to the city of Omaha in the state of Nebraska. On a prior trip and on the trip here in question, he hired August Ernst, for $100 per trip, to go with him as a mechanician and keep the car in good running order. On the trip here in question he loaded his car with whiskey at Bienfait, Canada, and started for Omaha accompanied by Ernst. While driving across Yellow Medicine county in this state the car was accidentally overturned, killing Welton and severely injuring Ernst who was taken to a hospital. The sheriff took possession of the car and its contents which included a rifle, a revolver and a supply of ammunition. The car was equipped with three gasolene tanks—one in the rear, one under the seat and one under the running-board—so arranged that gasolene could be supplied to the engine from any of them. The three would hold about 70 gallons. The rear tank and the rear of the car were protected by a steel plate about a quarter of an inch thick.

Ernst was arrested under a warrant issued by the municipal court of the city of Canby for unlawfully transporting intoxicating liquor. He waived examination and was bound over to the grand jury. On his petition therefor, an information was filed against him in the district court by the county attorney charging him with the crime of unlawfully transporting intoxicating liquor, to which charge he entered a plea of guilty and thereupon was convicted and sentenced. Thereafter a supplemental complaint was filed in the district court setting forth the facts and asking that the automobile be adjudged forfeited and be sold as provided by statute.

Laura Welton, individually and as administratrix of the estate of Edward Welton, deceased, interposed an answer, alleging that she is the widow and sole heir of Edward Welton; that he died owning the automobile; and that it became and now is her property. The court found the facts substantially as stated and rendered judgment to the effect that Laura Welton is the owner and entitled to the possession of the automobile and that the state has no power to confiscate or sell it. The state appealed.

The statute in question, so far as here material, reads:

"Whenever any   *   *   *   peace officer shall discover any person in the act of transporting liquor within this State, in violation of the Constitution or law of this State or of the United States, such officer shall seize any wagon, buggy, automobile   *   *   *   or means of conveyance of any kind, wherein or whereby any such liquor is being so unlawfully transported, and if such officer shall find any intoxicating liquor being so transported in violation of the Constitution or law of this State or of the United States, it shall be his duty to seize and hold the same and all thereof, subject to the order of the court wherein the cause is triable, and to seize and hold, subject to the order of said court, any such wagon, buggy, automobile *   *   *   or means of conveyance of any kind   *   *   *   used for or in connection with any such unlawful transportation, and to immediately arrest and as soon as possible make proper complaint in any court having jurisdiction against any person or persons in charge of the liquor or property seized or any thereof, duly charging such unlawful transportation; and such officer shall also make and file with said court a separate complaint against such property other than liquor, describing the same and charging the use thereof in the unlawful transportation of intoxicating liquor.   *   *   *   If the person so arrested shall be acquitted, the court shall dismiss complaint against such property and order the same returned to the person or persons entitled thereto. Upon conviction of any person so arrested the court shall order all liquor so seized and the containers thereof destroyed and shall forthwith issue an order directed to any person known or believed to have any right or title or interest in or lien upon any such property other than liquor   *   *   *   de-

scribing such property and stating that the same was seized and that a complaint against the same, charging the use thereof in the unlawful transportation of intoxicating liquor has been filed with the court, and requiring such persons to file with the clerk of said court their answer to said complaint setting forth any claim they may have to any right or title to or interest in or lien upon any such property * * * If answer is filed * * * the court shall fix a time for hearing. * * * At the time so fixed for hearing * * * the matter shall be heard and determined by the court without a jury as other civil actions. * * * If the court shall find that said property or any part thereof was used for or in connection with the transportation of intoxicating liquor in violation of the Constitution or law of this State or of the United States, he shall order the property so unlawfully used sold as upon execution unless the owner shall show to the satisfaction of the court that he had no notice or knowledge or reason to believe that such property was used or intended to be used in the unlawful transportation of intoxicating liquor. * * * All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. Provided that before any seizure is made hereunder the officer making the same shall disclose his authority as such officer." Laws 1921, p. 507, c. 335, § 2.

"The manufacture, sale or transportation or keeping or having in possession for sale or transportation of, or the taking, receiving or soliciting of any order for intoxicating liquor of any kind in any quantity whatever is prohibited within this State and it shall be unlawful to have or possess any property, matter, substance or thing designed or intended for use in committing a violation of any provision or part of the Constitution or law of this State or of the United States relating to intoxicating liquor, and no property right shall exist in any such property, matter, substance or thing." Laws 1921, p. 590, c. 391, § 2.

In support of the judgment it is contended that, as the accident had happened and Welton had been killed and Ernst was on the

way to a doctor's office before the officer arrived on the scene, he discovered no one in the act of transporting liquor and therefore had no authority to seize the automobile. The statute cannot be given such a narrow construction. It provides that whenever an officer "shall discover any person in the act of transporting liquor" in violation of the law of this state or of the United States, he shall seize the vehicle in which it is being so transported. It further provides that if the officer shall find any liquor being so transported "it shall be his duty to seize and hold the same and all thereof, subject to the order of the court wherein the cause is triable, and to seize and hold, subject to the order of said court" any vehicle or means of conveyance used for or in connection with such transportation. The first provision requires the officer to make a seizure where he discovers any person in the act of transporting liquor. The second provision requires him to make a seizure where he finds liquor being unlawfully transported. This provision is clearly intended to cover cases that might not be covered by the prior provision. Under it, if the officer finds liquor being unlawfully transported, it is his duty to seize the liquor and the vehicle used in transporting it and hold both "subject to the order of the court;" even if he fails to discover any person in the act of transporting it within the meaning of the prior provision. To discover that the offense of transporting liquor is being committed, it is not necessary that the vehicle in which it is found be in motion, nor that the person transporting it be found with it. Here the officer found an armored automobile carrying firearms, equipped with three gasolene tanks of large capacity and loaded with whiskey, wrecked on a public highway. The facts were ample to bring the case within the operation of the statute.

It is further contended that the proceeding to forfeit the automobile cannot be maintained for the reason that Welton is dead. This contention is predicated on two grounds: (1) That the conviction of Welton is a condition precedent to the right to condemn the automobile; and (2) that both the right to bring a criminal prosecution against Welton and the right to bring a civil proceeding against the property seized abated at Welton's death.

The statute provides that the officer shall arrest and make complaint against any person or persons in charge of any of the property seized, and shall also make a separate complaint against such property other than liquor.   It further provides that "upon conviction of any person so arrested the court shall order all liquor so seized and the containers thereof destroyed" and shall proceed against the property seized, other than liquor, in the manner therein prescribed.   Whether a proceeding against the property can be maintained where no one can be prosecuted or convicted for transporting the liquor, for the reason that all the parties engaged in such transportation are dead or beyond the reach of the court, it is not necessary to decide, for here Ernst was prosecuted and convicted for transporting the identical liquor seized.   But the claimant insists that Welton, not Ernst, was in charge of both liquor and vehicle, and that the conviction of Ernst is not a sufficient basis for condemning the automobile.   It is true that Welton was the principal in the affair, that both the liquor and the automobile belonged to him, and that Ernst was merely hired to aid him in carrying out his unlawful enterprise, but both knowingly and wilfully engaged in the same unlawful act and were equally guilty.

Under the statute the offense of each was the same, whether the liquor or the vehicle used in transporting it belonged to one or the other or to neither, and whether both were principals or one the servant of the other.   The automobile was the conveyance used in transporting the liquor, and both Welton and Ernst had a part in operating it for that purpose.   Ernst had the part of keeping it in working order so that they could make the run from Canada to Omaha, without giving anyone an opportunity to discover that they were violating the law.   Both were working together to accomplish the unlawful purpose by means of the automobile, and we think that both were persons in charge of it within the meaning of the statute when taken as a whole and construed in the light of its purpose. Even if this be doubtful, Ernst certainly became the person in charge on the death of Welton.   If Ernst had been aiding Welton in using the automobile for a lawful purpose at the time Welton was killed, the duty would have devolved upon Ernst to take charge of

and care for it at least temporarily, and we see no reason for apply-
ing a different rule in this case. The death of Welton left Ernst
in charge of the property until some one entitled to possession of
it had an opportunity to take possession.

The statute provides that no property right shall exist in property
used in committing a violation of the laws relating to intoxicating
liquor. The proceeding to declare such property forfeited is a civil
proceeding directed against the property, and is distinct from the
prosecution of the person who was using it as the means of com-
mitting the criminal offense denounced by the statute. State ex rel.
Wilcox v. Ryder, 126 Minn. 95, 147 N. W. 953, 5 A. L. R. 1449. The
present case falls within the principle elucidated in that case, al-
though the facts are different. As the proceeding in question is
against the property, is in rem (see cases cited in note in 8 A. L. R.
889), the right to maintain it did not abate at the death of Welton.

The claimant further contends that the statute is unconstitutional
because it provides for a forfeiture of the property employed in trans-
porting the liquor without a jury trial. This claim does not require
extended consideration. The arguments advanced in support of it
are answered in State ex rel. v. Ryder, 126 Minn. 95, 147 N. W. 953,
5 A. L. R. 1449; State v. Hanson, 114 Minn. 136, 130 N. W. 79;
Hawkins v. Langum, 115 Minn. 100, 131 N. W. 1014; Kirkland v.
State, 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. 25, 2
Ann. Cas. 242 and note in 2 Ann. Cas. at page 245.

The claimant seems to contend that the proceeding is invalid be-
cause the complaint against the property was filed in the district
court, and the prosecution against Ernst was initiated in the muni-
cipal court. The argument seems to be that the complaint against
the property must be filed in the same court in which the original
complaint against Ernst was filed. The statute provides that the
complaint against the person in charge may be made "in any
court having jurisdiction," and that the complaint against the
property shall be filed "with said court." A complaint against
Ernst was filed in the municipal court. That court had no jurisdic-
tion to try the case, and merely acted as an examining magistrate.
As a result of the examination Ernst was bound over to the district

court and was tried and convicted on an information filed against him in that court. The district court was the only court having jurisdiction of the offense in which complaint was made against Ernst, and was the court in which the complaint against the property was required to be filed. The proceeding in the municipal court was merely to determine whether there was sufficient cause to proceed against Ernst in the court having jurisdiction to try him.

We are unable to sustain any of the grounds on which it is sought to sustain the judgment and it must be and is reversed.