Argued March 30, reversed December 14, 1926; motion for time to file petition for rehearing denied January 3, 1927.

# STATE *v.* 1920 STUDEBAKER TOURING CAR

## ET AL.

### (251 Pac. 701.)

**Jury—Constitutional Guaranty of Right of Jury Trial Embraces Every Case as It Existed Before Adoption of Constitution (Const., Art. I, § 17).**

1. Right of jury trial, guaranteed by Constitution, Article I, Section 17, embraces every case where it existed before adoption of Constitution, and legislature has no power to enact any law depriving any litigant of that right.

**Jury—Constitutional Right of Jury Trial Extends to Cases Similar to Those Wherein It Existed Before Adoption of Constitution (Const., Art. I, § 17).**

2. Right of jury trial, under Constitution, Article I, Section 17, is not to be narrowly construed and is not limited strictly to those cases in which it had existed before adoption of Constitution, but extends to cases of like nature thereafter arising.

**Jury—Jury Trial is Prerequisite to Forfeiture of Automobile in Which Liquor is Found (Laws 1923, p. 39; Const., Art. I, § 17).**

3. Proceeding, under Laws of 1923, page 39, to forfeit automobile in which intoxicating liquor is found, though *in rem*, is suit at common law, and claimants or owners are entitled to jury trial, under Constitution, Article I, Section 17; automobile not being nuisance *per se* nor contraband.

**Equity—Nuisance—Equity has Jurisdiction to Abate Public Nuisance, but not to Enforce Forfeiture.**

4. Equity has jurisdiction to restrain or abate public nuisance on behalf of public, but not to enforce forfeiture.

**Jury—Statutes—Statute, Providing for Forfeiture of Conveyances in Which Liquor is Found, Held Void Only in so Far as It Denies Jury Trial (Laws 1923, p. 39; Const., Art. I, § 17).**

5. Laws of 1923, page 39, so far as it provides for forfeiture of conveyance in which intoxicating liquor is found without jury

---

1. See 16 R. C. L. 194.
2. See 16 R. C. L. 195.
3. Right to jury trial in case of seizure of property alleged to be illegally used, see note in 17 A. L. R. 568.
4. See 10 R. C. L. 336.

trial, is void, under Constitution, Article I, Section 17, but such provision may be disregarded as mere surplusage and does not affect other provisions.

Criminal Law, 16 C. J., p. 55, n. 58.
Equity, 21 C. J., p. 104, n. 44, p. 105, n. 46.
Juries, 35 C. J., p. 148, n. 6, p. 149, n. 11, 13, p. 151, n. 36, p. 154, n. 81, p. 156, n. 6, p. 187, n. 7, 9, 10.
Motor Vehicles, 28 Cyc., p. 25, n. 10 New.
Property, 32 Cyc., p. 668, n. 81 New.

From Jackson: C. M. Thomas, Judge.

In Banc.

REVERSED.

For appellant there was a brief and oral argument by *Mr. George M. Roberts.*

For respondent there was a brief over the name of *Mr. N. W. Borden,* with an oral argument by *Mr. Newton W. Chaney,* District Attorney.

RAND, J.—This is an appeal by Nona B. Heffling, from a decree rendered by the Circuit Court for Jackson County, pursuant to the provisions of Chapter 29, Laws of 1923, by the terms of which a Studebaker car belonging to her was forfeited to the state because of an alleged act of her husband in transporting on his person therein a bottle of intoxicating liquor.

There was evidence tending to show, that prior to the seizure of the car, the husband of appellant, while engaged in driving the car, but not in her presence, had carried on his person a bottle of intoxicating liquor, for which he had been arrested and bound over to await the action of the grand jury; that the grand jury had refused to indict him for said offense, and had returned a not true bill, and that appellant

had no knowledge of the alleged unlawful act of her husband.

Under the act in question, no previous conviction of the offending person is required as a basis for the entry of a decree forfeiting an automobile because of an alleged use of the automobile in violation of the prohibition law. Whether there has been such violation or not is left by this act to the determination of a judge of the Circuit Court, without the aid or presence of a jury. The proceedings provided for by this act are to be determined exclusively by the circuit judges of the state. The act provides for an appeal from their decrees, but there is no provision of law by which upon appeal a trial by jury can be obtained. The act, therefore, operates to deny to the owner or claimant of the property sought to be forfeited, the right of trial by jury, and because of this, it is contended that the act is unconstitutional and void in that it violates Article I, Section 17 of the state Constitution, which guarantees that "in all civil cases, the right of trial by jury shall remain inviolate."

So far as deemed material to this controversy, the act provides (Sections 1 and 15), that any boat, vehicle or other conveyance, except a "railroad car" or "ocean going vessel," which is or has been "used by or with the knowledge of the owner or the person operating or in charge thereof, in any unlawful bringing of intoxicating liquor into this state, or in the unlawful transportation of the same within this state, or in or on which intoxicating liquor unlawfully possessed is kept or concealed by or with the knowledge of such owner or person operating or in charge thereof, shall be forfeited to the state."

Section 2 provides:

"Whenever, in connection with the pursuit or search of any boat, vehicle or other conveyance or otherwise, any peace officer shall find intoxicating liquor upon or in the same or which has recently been removed therefrom, which he has probable cause to believe is then being or has recently been unlawfully carried, transported, kept or possessed by the owner or person in charge of, or operating such boat, vehicle or other conveyance, said officer shall, in addition to seizing the intoxicating liquor so found and arresting the person, if any, then in charge of or operating such boat, vehicle or other conveyance as heretofore provided by law, also seize such boat, vehicle or other conveyance and make return of such seizure to the circuit court of the state of Oregon for the county within which such seizure has been made, and if said seizure has been made by any other officer than a sheriff, the seized conveyance shall be delivered to the sheriff."

Section 5 provides:

"Any circuit court of this state to which a return of seizure under this act shall be made shall have jurisdiction to try, without a jury, the question whether such boat, vehicle or other conveyance so seized is subject to forfeiture under the first section of this act, and to determine the same as in civil cases; and the attendance of witnesses may be compelled and testimony may be taken and appeals shall be allowed as in civil cases in equity. The proceedings shall be in the name of the state of Oregon, as plaintiff, and the seized property and all persons claiming any interest therein shall be deemed defendants, but such persons need not be named as defendants until they have filed in the proceedings their written claims and caused their names to be entered as such defendants. The proceedings shall be *in rem* against the property and the jurisdiction of the court over the property and the cause and all parties in

interest shall be complete by virtue of the fact of seizure and the filing of the return thereof. No pleading shall be necessary on the part of the state except the officer's return of seizure, nor on the part of any claimant except a brief statement of the interest or lien claimed by him and of his ground of defense, verified under oath, and which shall be deemed denied.''

The procedure provided for in this act is not by way of an action *in personam* against some offending person, but is a special proceeding *in rem* against specific property, which may be brought to have the question determined of whether such property shall be forfeited because of some unlawful use having been made of it in violation of the state prohibition law. This act prescribes no penalty, except forfeiture and contains no provision making a prior conviction essential to the working of such forfeiture. The criminal acts upon which the forfeiture is made to depend are made criminal by other statutes, which themselves contain no provision for the forfeiture of property. There is, therefore, no relation or connection between proceedings brought under this act and any prosecution or conviction of the offense which is made the basis of the right to forfeit such property. Under this act, persons who it is claimed, have violated other statutes may not be prosecuted at all for such offense, or if prosecuted, may be acquitted, and yet the owner of property used by them may be divested of his property without a trial by jury because of some alleged act of theirs, for which no conviction has been had. The question of whether such forfeiture shall be enforced is left by this act entirely to the determination of a circuit judge, who passes upon the question without the aid or presence of a jury. The question, therefore, is not whether

the act itself would have been constitutional had it provided for a jury trial, but whether it is constitutional, having provided as it does that the party whose property may be forfeited shall not be entitled at any stage of the proceedings to a trial by jury. Nor is the question one which would arise had this statute, like the national Prohibition Act, provided that upon conviction of the offending person forfeiture of the property used in the commission of the offense would follow as a matter of law, reserving only to the owner or claimant of the property so used, the right to be heard upon the question of whether as against him, because of his negligence or other wrongful act, or otherwise, good cause does or does not exist for enforcing the forfeiture.

1. The right of trial by jury guaranteed by the Constitution of this state, embraces every case where it existed before the adoption of the Constitution, and it is not within the power of the legislature to enact any law which deprives any litigant of that right. Hence if as contended for here, this appellant before the adoption of the Constitution of this state, in having the question determined of whether her property should be forfeited, would have been entitled to a jury trial as a matter of right, then this act, since it deprives her of such right, is unconstitutional and void: *Tribou* v. *Stroubridge,* 7 Or. 156; *Wong* v. *City of Astoria,* 13 Or. 538 (11 Pac. 295); *Wilkes* v. *Cornelius,* 21 Or. 341 (23 Pac. 473); *Deane* v. *Willamette Bridge Co.,* 22 Or. 167 (29 Pac. 440, 15 L. R. A. 614); *Fleischner* v. *Citizens' Investment Co.,* 25 Or. 119 (35 Pac. 174); *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158); *Hoag* v. *Washington-Oregon Corp.,* 75 Or. 588 (144 Pac. 574, 147 Pac. 756); *Puffer*

v. *American Ins. Co.,* 48 Or. 475 (87 Pac. 523) ; *Schnitzer* v. *Stein,* 96 Or. 343 (189 Pac. 984).

"It cannot be doubted that a forfeiture of property for a prohibited act is a penalty for committing the act. It is so denominated by lexicographers, and is so treated in judicial decisions. (*Lawton* v. *Steele,* 152 U. S. 138 [38 L. Ed. 385, 14 Sup. Ct. Rep. 499].) It was said by Judge Strong, in *Wood* v. *City of Brooklyn* (14 Barb. [N. Y.] 432) : 'It is a matter of public notoriety that suits for penalties * * have generally been tried before a jury. If there have been exceptions they have not been sufficiently numerous to affect the general usage. The introduction of a new subject into a class renders it amenable to its general rules, not to its exceptions, unless there is something peculiar calling for their application. To allow the Legislature to except from the operation of a constitutional provision, by direct enactment, a matter clearly falling within its meaning, would sanction a fraud upon the organic law·and might in the end destroy its obligation.' " *Colon* v. *Lisk,* 13 App. Div. 195 (43 N. Y. Supp. 364).

There can be no doubt that at the time of the adoption of our state Constitution, in cases where the seizure was made on land, property such as a "boat, vehicle or other conveyance," could not be forfeited by way of penalty or punishment for the violation of law, except in actions triable by jury. "Where a proceeding is authorized which may result in a judgment that operates upon the property of the individual, either by way of forfeiture, or by means of execution, the uniform rule of law has always been, that before such judgment can pass, the individual is entitled to a jury trial, unless he waives the same." *Colon* v. *Lisk,* 13 App. Div. 195, 204 (43 N. Y. Supp. 364, 370). "We regard it equally clear, that suits to enforce forfeitures or penalties have been generally

tried by a jury." S. C., 153 N. Y. 188–194 (47 N. E. 302, 60 Am. St. Rep. 609). "Felony," says Sir William Blackstone, "in the general acceptation of our English law, comprises every species of crime which occasioned at common law the forfeiture of lands and goods. * * And all these felonies were to be determined *'per laudamentum sive judicium parium suorum'* (by the verdict or judgment of his peers) in the lord's court." 4 Bl. Com., Chap. VII, *94–97.

"If an act of parliament inflict a certain penalty for the particular act, an action of debt will lie for the penalty, if no other remedy be specified in the statute; for the law implies that by the fundamental contract of society, the offending party is bound and hath virtually agreed to obey the directions of the legislature, and pay the forfeiture incurred to such persons as the law requires. But where a statute prohibits an act injurious to an individual, and does not assign any certain penalty for it, the remedy for the party grieved is by action on the case." Archibold's Civil Plead., § IV, *18.

At the time when our state Constitution was adopted, courts were classified according to the nature and extent of their jurisdiction, their forms of proceeding, or the principles upon which they administered justice, either as courts of admiralty, courts of equity, or courts of law. Controversies concerning forfeitures of rights or property could be adjudicated only in some one or more of these courts, since in this country there were no other courts in which controversies of that nature could be adjudicated.

Courts of admiralty had jurisdiction to enforce forfeitures, without the aid or presence of a jury, but its jurisdiction was limited to cases arising under the

admiralty or maritime law, and it never had jurisdiction to enforce a forfeiture where the seizure was made on land.

Courts of equity have always refused to lend their aid to the enforcement of a forfeiture. "It is a well-settled and familiar doctrine," says Professor Pomeroy, "that a court of equity will not interfere on behalf of the party entitled thereto, and enforce a forfeiture, but will leave him to his legal remedies, if any, even though the case might be one in which no equitable relief would be given to the defaulting party against the forfeiture. The few apparent exceptions to this doctrine are not real exceptions, since they all depend upon other rules and principles. * * There are, in fact, no exceptions to this doctrine; those which appear to be exceptions are not so in realty." 1 Pom. Eq. Juris (3 ed.), §§ 459, 460.

Courts of law administer justice according to the rules of the common law, and are held for the trial of civil causes with the presence and aid of a jury, and where there are issues of fact to be determined, the trial ordinarily must be by jury. The jurisdiction exercised by such courts is of two kinds, summary and formal. Courts have always possessed summary power to prevent hardships, irregularities and abuses, which would otherwise take place in the course of proceedings. There were also many petty offenses against statutes or municipal ordinances which were not triable by jury at the time the Constitution was adopted. As to them, the right to a trial by jury has never existed, and since they were so triable when the Constitution was adopted, they are now triable without a jury. In all such cases, the punishment was trivial. As said in *Colon* v. *Lisk,* *supra,* illustrations are found in the punishment at-

tached to petit offenses in violation of health laws, and in some instances to the violations of municipal regulations, and perhaps others. Other illustrations, are given in 4 Black., Chapter 20, *280, of summary proceedings directed by Parliament, to which the common law was a stranger, but in none of the illustrations given was the power upheld to enforce in a summary proceeding, the forfeiture of property such as that involved here. We find no case, and none has been cited, in which the common-law courts, prior to the adoption of our state Constitution, through the exercise of summary powers, have sanctioned or upheld the forfeiture of property which may be and ordinarily is used for lawful purposes.

2. It is argued that these proceedings concern matters in respect to prohibitory laws enacted since the adoption of the Constitution, and for that reason are not within the guarantee of the Constitution, and that controversies concerning violations of them may be disposed of by the courts in any manner the legislature sees fit to adopt. The answer to this contention is, that the constitutional right of trial by jury is not to be narrowly construed, and is not limited strictly to those cases in which it had existed before the adoption of the Constitution, but is to be extended to cases of like nature as they may hereafter arise. Upon this question, the court in *Colon v. Lisk*, 13 App. Div. 202 (43 N. Y. Supp. 369), said:

"The question of constitutional right to a trial by jury, in the exercise of power which we are now considering, was much considered in the case of *Wynehamer* v. *People* (13 N. Y. 426). It was there said that the provision of the Constitution, preserving the right to a jury trial, where it had previously existed did not 'limit the right to the mere instances in which it had been used, but extends it to such new and like

cases as might afterwards arise.' In *Pelp People ex rel. Comaford* v. *Dutcher* (83 N. Y. 240) it was held that the offense of petty larceny was within the constitutional provision requiring a jury trial, were it not for the fact that by amendment of section 23 of article 6 of the constitution, jurisdiction of offenses of the grade of misdemeanor was conferred upon Courts of Special Sessions. These cases are authority, therefore, for the proposition that where the right to trial by jury existed at the time of the adoption of any of the Constitutions, such right continues to exist unless taken away by the fundamental law, and that this right is not limited to cases where such right had previously been actually used, but embraces cases of the same class thereafter arising. So that if, prior to the adoption of the Constitution, the right to enforce a penalty by a forfeiture of property could only be exercised through the medium of an action, and if the party against whom the forfeiture was sought to be enforced was entitled to trial by jury, then such right exists now, and this principle of law is applicable to the present case."

See, also, 16 R. C. L., p. 195.

3. It is contended, however, that because the procedure authorized by this act is a special statutory proceeding *in rem* against certain specific offending property, it is a proceeding unknown to the common law, and therefore does not entitle the claimant or owner of the property sought to be forfeited to a jury trial.

Where, as in this case, the seizure was made on land, and a libel or information was filed to condemn the seized property, which as in this case was purely a proceeding *in rem,* the rule before the adoption of the Constitution was and still is, that the suit is at common law, and that the claimants or owners of the property are entitled to a jury trial before a judgment can be passed forfeiting the seized property.

In *Garnhart* v. *United States,* 83 U. S. (16 Wall.) 162 (21 L. Ed. 275), the United States was seeking to enforce a forfeiture of certain distilled spirits for an alleged breach of the act of July 20, 1868, 15 Stats. at Large, 140, which provided that distilled spirits found elsewhere than in a distillery or distillery warehouse, not having been removed therefrom according to law, shall be forfeited to the United States. The spirits were seized on land and not in a distillery or distillery warehouse. The case arose on an information against the distilled spirits, and was a proceeding *in rem.* The claimants answered, denying the facts charged in the information, and alleging a compliance with the provisions of the act. The answer was stricken from the files in the lower court, and a decree was there entered, condemning the property. Upon writ of error, this decree was reversed, and the cause was remanded with directions to award a venire. In reversing a decree, the Supreme Court of the United States said:

"Where the seizure is made on land, the claimant is entitled to a trial by jury, if he appears and files an answer denying the facts set forth in the information. * * Repeated decisions of this court have established the rule that where the seizure is made on navigable waters, the case belongs to the instance side of the subordinate court, but where the seizure is made on land, the suit is one at common law, and the claimants are entitled to a trial by jury. Beyond all question, the claimants were entitled to a trial by jury."

In 12 R. C. L., page 133, in stating the law applicable to forfeitures, the authors say:

"In the trial of all cases of seizure, on land or on waters not navigable, the court sits as a court of common law, and as in all cases at common law where

there are issues of fact to be determined, the trial must be by jury. In cases however of seizure made on navigable waters the court sits as a court of admiralty, and, as in cases of admiralty and maritime jurisdiction generally, it is settled that the trial is to be by the court. Although the two jurisdictions are vested in the same tribunal, they are as distinct from each other as if they were vested in different tribunals, and can no more be blended than a court of chancery with a court of common law,"

Reference was made on the argument to the case of *Dobbins' Distillery* v. *United States,* 96 U. S. 395 (24 L. Ed. 637), where a distillery and property connected therewith was forfeited to the United States, and this it is contended is an illustration of the power possessed by legislative bodies to enact this kind of legislation authorizing the condemnation of property by a proceeding *in rem.* An examination of that case will show that while it was a proceeding *in rem* to enforce a forfeiture, it was tried as a law action and by a jury; that the United States had verdict, and that the judgment of condemnation of the property was entered on the verdict of the jury, and not upon an adjudication made by the court without the intervention of a jury.

In *The J. W. French* (D. C.), 5 Hughes, 429 (13 Fed. 916), a leading case upon this question, the court said:

"This was a proceeding at common law; and while it is true that in actions *in rem* in admiralty property in the nature of ships may be divested from an owner without the verdict of a jury, yet I think it can be laid down with perfect truth that in any proceeding at common law, even proceedings *in rem,* a citizen of the United States cannot be divested of his property except by verdict of a jury, under due process of law, in a proceeding in which he is in some manner

a party, having opportunity to be heard, and having a day in court. Condemnations and forfeitures are unknown in the practice of the United States courts, except upon specific proceedings against the property, and after the verdict of a jury.''

4. Like other property which may be and ordinarily is used for lawful purposes, an automobile is not a nuisance *per se.* This act, unlike the National Prohibition Act, does not declare that an automobile or any other vehicle in which intoxicating liquor is being unlawfully transported is a public nuisance, nor is there any other statute in this state making an automobile or other vehicle so used a public nuisance. Also, unlike the National Prohibition Act, this statute does not make the conviction of the offending person a condition precedent to the forfeiture of property. Under the National Prohibition Act, before there can be a forfeiture of property, there must first be a conviction of the offending person, and before there can be a conviction in the absence of a plea of guilty, a trial by jury must first be had. Under this act, no prior conviction being necessary, property may be forfeited without any opportunity for a jury trial. If it should be assumed, in the absence of a statute declaring it to be such, that an automobile in which intoxicating liquor has at some time been carried, is a public nuisance, and subject to forfeiture, equity has jurisdiction to restrain a public nuisance on behalf of the public, but not to enforce a forfeiture. Injunctions have been granted to restrain violations of prohibition laws, the maintenance of gambling-houses, and other acts which constitute a public nuisance. 1 Pom. Eq. Rem., § 479.

Concerning this jurisdiction, Mr. Justice STORY says: ''In case of public nuisances properly so called, an indictment lies to abate them, and to punish the

offenders, but an information also lies in equity to redress the grievance by way of injunction.'' 2 Story's Eq., §§ 921 and 922.

In accordance with this principle, it was held in *Mugler* v. *Kansas,* 123 U. S. 623 (31 L. Ed. 205, 8 Sup. Ct. Rep. 373), that in the exercise of the police powers of the state, the state may prohibit the manufacture and sale of intoxicating liquors, and prohibit the use of property in the future for the illegal manufacture thereof. There the court said: ''They (courts of equity) cannot only prevent nuisances that are threatened, and before irreparable mischief ensues, but arrest or abate those in progress, and, by perpetual injunction, protect the public against them in the future; whereas courts of law can only reach existing nuisances, leaving future acts to be the subject of new prosecutions or proceedings. This is a salutary jurisdiction, especially where a nuisance affects the health, morals, or safety of the community. Though not frequently exercised, the power undoubtedly exists in courts of equity thus to protect the public against injury.''

Under these and other authorities, a court of equity has power to abate a public nuisance by restraining its continuance, and in some instances to order the destruction of the particular property which constitutes the nuisance, if the nuisance cannot be abated in any other manner. But we know of no authority authorizing a court of equity to decree the forfeiture or destruction of property which is not a nuisance *per se,* or which is not made contraband by statute, or which is of the kind and character described in this statute. It seems, therefore, that where the seizure is made on land, forfeitures of lawful property can be adjudged only in common-law

actions, where the right to a trial by jury exists, and that such was the law at the time when our Constitution was adopted.

The fact that because the proceedings authorized under this act are *in rem* and not *in personam* does not change the character of the suit from that of a common-law action into a suit in equity, nor does it affect the question of the right of the owner to a trial by jury in this case. The property involved here is not intoxicating liquor, nor any other article which under the law is deemed contraband. Automobiles are property in the highest sense, and cannot be destroyed because some unlawful use may have been made of them. When used for unlawful purposes, they may become subject to forfeiture, but the proceedings under which the forfeiture is to be worked must be proceedings in which the party who is to be deprived of his property, is accorded all of his constitutional rights.

These questions were ably considered in *Keeter* v. *State,* 82 Okl. 89 (198 Pac. 866, 17 A. L. R. 557), which overruled several former decisions of that court, and held that an act similar to this was unconstitutional because denying to the party to be affected by forfeiture proceedings the right of trial by jury. That case has been followed in that court in *Hoskins* v. *State,* 82 Okl. 200 (200 Pac. 168), and *One Paige Touring Car* v. *State,* 83 Okl. 40 (200 Pac. 852). The cases of *Colon* v. *Lisk, supra,* also contain a discussion of many of the principles which we have considered above, and we think that these three cases correctly state the principles of law applicable to this controversy.

In *Fisher* v. *McGirr,* 67 Mass. 1–35 (61 Am. Dec. 381), Mr. Chief Justice SHAW said:

"The theory, upon which a judgment *in rem* is regarded as a judgment binding upon all the world, is that all the world have constructive notice of the seizure, with the cause and purpose of the taking, and the time and place at which any person may appear before a competent tribunal and have a trial, before the condemnation of his property.

"Supposing the process *in rem* when rightly conducted, to be a suitable and proper mode of enforcing obedience to a useful and salutary law, it does it by punishing the offender, who must be the owner, or some person intrusted with the possession by him, or some person for whose unlawful possession of it the owner is responsible; it does this by depriving such owner of his property, at the same time preventing the further noxious and unlawful use of it. Such being the character of the prosecution, in a high degree penal in its operation and consequences, it should be surrounded with all the safeguards necessary to the security of the innocent, having the full benefit of the maxim, that every person shall be presumed innocent until his guilt be established by proof. He should have notice of the charge of guilty purpose, upon which his property is declared to be unlawfully held, and in danger of being forfeited, a time and opportunity to prepare his defense, an opportunity to meet the witness against him face to face, and the benefit of the legal presumption of innocence. * * Now we can perceive no provision for the trial and proof of this offense of keeping liquors with illegal intent, in any sense in which a judicial trial is understood, in which a party charged with an offense, for which his property may be taken from him and confiscated, may stand on his defense, and have the presumption of innocence, until proofs are adduced against him to establish the crime or misdemeanor with which he is charged. Such a trial alone can satisfy the express provisions in the Declaration of Rights, art. 12, which declares that no subject shall be arrested, or deprived of his property, immunities or privileges, or of his life, liberty or estate, but by

the judgment of his peers, or the law of the land. These expressions have been understood, from Magna Charta to the present time, to mean à trial by jury, in a regular course of legal and judicial proceedings.''

5. If, under the provisions of this act, the property which was made the subject of forfeiture had consisted of intoxicating liquor, gambling devices, or anything which in its nature is injurious to the public welfare, or if the act had required, as a condition of the forfeiture, the conviction of the offending person, the question would be different, but where as here, the lawful property of an innocent person may be forfeited to the state without the previous conviction of anyone, and without the opportunity of a jury trial at any stage of the proceedings, we think the act in so far as it provides that the forfeiture shall be tried by the court without the intervention of a jury is unconstitutional and void, because denying a trial by jury as guaranteed by the state Constitution. A majority of the court are of the opinion that in so far as the statute directs that a forfeiture may be had without a trial by jury, the direction is merely surplusage, and beyond the power of the legislature to enact, but that the remainder of the act should stand. For these reasons, the decree appealed from is reversed and the cause remanded, with directions to award a venire, and let a jury pass upon the question of whether the automobile should be forfeited.

REVERSED AND REMANDED, WITH DIRECTIONS.

BROWN and COSHOW JJ., dissent.

COSHOW, J., Dissenting.—This is an appeal from the decree of the Circuit Court forfeiting an automobile found guilty of unlawfully transporting intoxi-

cating liquor on July 21, 1923. One N. B. Heffling drove the automobile, the defendant herein, from his home near Medford into the City of Medford. The title to the automobile was at that time in the name of his wife, who afterward claimed the car and is the appellant here. The owner of the car permitted her husband to drive it and use it at his pleasure. While in Medford on that date it is claimed that he arranged with one Sam McClendon to procure some intoxicating liquor for the latter. Heffling and McClendon got into the car and the former drove it for some distance into the country where Heffling got some liquor in a bottle; took it to the car with him, gave it to McClendon, and the two then returned to the City of Medford in the car. Later McClendon was arrested on a liquor charge and three days later, that is, on the twenty-fourth day of July, 1923, the car was seized by a deputy constable for Medford Precinct. The deputy constable made proper return of the seizure of said automobile as required by statute and delivered the car to the sheriff. Nona B. Heffling, wife of the driver of the car, filed her petition for a return of the car to her; gave a redelivery bond to the sheriff after the car was appraised in manner and form as required by the statute. The car was appraised at the sum of $500. The cause came on for trial when the state was represented by O. C. Boggs, a special prosecutor appointed by the Governor. The appellant objected to Boggs serving in that capacity. She also demanded a jury trial which the court denied. A motion to dismiss because the court was without jurisdiction was also denied. A trial was had by the court and at the close of the testimony a motion to dismiss for want of sufficient evidence to forfeit the car was

also denied. The car was forfeited. The appellant N. B. Heffling appeals assigning thirty-six errors. The only assignments presented, however, at the argument and considered in the brief are the following three: First, permitting O. C. Boggs to prosecute the suit; second, denial of a jury trial; third, declaring the car forfeited because it is alleged the evidence was insufficient to work a forfeiture.

COSHOW, J.—The intervener, Nona B. Heffling, appellant here, predicates error on the court's denial of her motion to disallow O. C. Boggs as special prosecutor to represent plaintiff in this suit. Mr. Boggs was appointed special prosecutor, under the provision of Section 2224—45, Or. L., by the Governor. Since this suit was determined in the Circuit Court, this court has sustained that section of our statutes. Mr. Justice RAND announcing the decision in an exhaustive opinion, wrote:

"The statute does not expressly require the Governor, before acting, to make any investigation or that any fact shall exist except the mere fact that the prohibition law is not being enforced in the county. Whether it is being enforced or not, in many instances, is purely a matter of opinion, and being a matter of opinion it cannot be the subject of judicial decision. Under the statute the right to appoint special prosecutors is made to depend entirely upon the judgment of the Governor, and it is clear that the legislature intended that his judgment upon this question should be final and conclusive." *State* v. *Farnham*, 114 Or. 32, 44, 45 (234 Pac. 806, 810).

In our opinion the intervener is not entitled to question the right of a special prosecutor to appear in this suit. It is immaterial to her whether the regularly elected prosecutor or a specially appointed

120 Or.—18

prosecutor conducts this proceeding in behalf of plaintiff.

The most serious contention on the part of the intervener is that Chapter 29, General Laws of 1923, is unconstitutional because it prescribes that the trial to determine whether or not the automobile should be forfeited must be conducted without a jury, and as a suit in equity. She relies on Section 17, Article I of the state Constitution, reading as follows: "In all civil cases the right of trial by jury shall remain inviolate," and the federal Constitution, Article VII of Amendments, reading thus:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

The cases cited by the intervener include *Shawnee Nat. Bank* v. *United States,* 161 C. C. A. 509 (249 Fed. 583); *The J. W. French,* 5 Hughes, 429 (13 Fed. 916); *The Sarah,* 8 Wheat. (U. S.) 391 (5 L. Ed. 644); *Garnhart* v. *United States,* 16 Wall. 162 (21 L. Ed. 275); 12 R. C. L. 133, where the rule is thus stated:

"In the trial of all cases of seizure, on land or on waters not navigable, the court sits as a court of common law, and as in all cases at common law where there are issues of fact to be determined, the trial must be by jury."

This language is taken from the opinion of Chief Justice MARSHALL in *The Sarah,* 8 Wheat., above. The other cases cited above and many other later cases have followed that rule.

The Volstead Act does not prescribe the forum in which forfeiture of vehicles unlawfully used in trans-

porting liquor shall be forfeited. In forfeiture cases under that act the federal courts have generally held that the owner of an automobile seized for unlawfully transporting intoxicants and held for forfeiture is entitled to a jury trial because the court sits as common-law courts in such trials: *Shawnee Nat. Bank* v. *United States,* 161 C. C. A. 509 (249 Fed. 583). The Seventh Amendment to the federal Constitution has no application here. "The first ten amendments are not concerned with state action and deal only with Federal action." *Minneapolis & St. L. R. Co.* v. *Bombolis,* 241 U. S. 211 (60 L. Ed. 961, 36 Sup. Ct. Rep. 595, Ann. Cas. 1916E, 505, L. R. A. 1917A, 86). It has been uniformly held that the constitutional provision guaranteeing jury trials does not extend the right, but simply preserves it as it existed under the common law at the time the Constitution was adopted. It is difficult to follow the logic of some of the opinions expressing the reason for the right to a jury trial in forfeiture cases. Intervener cites with confidence this language from the opinion in *The J. W. French,* 13 Fed. 916, 924:

"Proceedings *in rem* were unknown to the common law. * * Common law courts have jurisdiction of them only by virtue of statutory enactment. If congress gives this proceeding in common-law courts without requiring trial by jury, it violates article 7 of the amendments to the national constitution."

It is upon this process of reasoning that the Supreme Court of Oklahoma reversed itself by holding that an owner of an automobile seized and held for forfeiture was entitled to a jury trial in spite of the statute of that state to the contrary. If the proceeding did not exist under the common law, the right

of jury trials did not exist in such proceedings. It would seem that the power which created the proceeding could also prescribe the procedure: *Hoskins v. State*, 82 Okl. 200 (200 Pac. 168); *Keeter v. State*, 82 Okl. 89 (198 Pac. 866, 17 A. L. R. 557); *One Hudson Super-Six Automobile v. State*, 77 Okl. 130 (187 Pac. 806); *One Cadillac Automobile, 1918 Model*, v. *State*, 75 Okl. 134 (182 Pac. 227).

In proceedings to abate a nuisance created by keeping a place for the unlawful sale of intoxicants, the trial is conducted as a suit in equity without a jury. *Mugler v. Kansas*, 123 U. S. 623 (31 L. Ed. 205, 8 Sup. Ct. Rep. 273, see, also, Rose's U. S. Notes), is the leading case, and has been for forty years the foundation of most prohibition legislation. A very recent case decided March 1, 1926, by Circuit Court of Appeals, Second Circuit, refers to that case in this language:

" * * * It was held that the state of Kansas had, as a part of its police power, the right even to destroy a brewery, when a Kansas prohibition law made a brewery a nuisance. Granting that, before the Eighteenth Amendment, the United States possessed no police power competent for the purposes of the decree below, when the amendment gave to the United States the powers thereby created, it gave also all the power necessary and appropriate to carry out the object of the amendment. Therefore the nation has to-day as much authority, police power, or sovereignty (the words shade into each other) to forfeit a lease for selling beer as Kansas had 40 years ago to destroy a building wherein the beer was brewed." *United States v. Gaffney et al.*, 10 Fed. (2d), 694, 696.

The same judge who wrote the opinion in the case last cited also wrote the opinion in *United States v. Duignan*, 4 Fed. (2d) 983, from which we quote:

"The applicable sections of the National Prohibition Law have a long legal history. The legal concept by extending by legislative fiat the definition of a public nuisance to something theretofore legal, and then calling upon equity to abate it, is found in the Kansas statute of 1885, quoted by Harlan, J., in *Mugler* v. *Kansas,* 123 U. S. 623, 670 (8 Sup. Ct. 273, 31 L. Ed. 205); and is there expressed in a form distinctly more violent than are the nuisance sections of the Volstead Act. The thoroughness with which the Supreme Court upheld the Kansas method has been the sustaining foundation of prohibitory legislation of sundry kinds for 40 years, while, as for jury trials, we quoted the rules in the Reisenweber Case, *supra* (*United States* v. *Reisenweber,* 288 Fed. 520), at page 523; and it is that, when the legislature constitutionally extends the definition of public nuisance to anything, such new-born nuisance, being created for destruction, may be destroyed without jury intervention."

Our statute provides for notice to be given to the owner and inquiry and search made for lienors before declaring a car forfeited. The determination of conflicting claims to an automobile can be more appropriately inquired into and determined under the practice in this state in a court of equity than in a court of law. The statute is an exercise of the police power of the state. If as valuable property as a brewery may be destroyed in a suit in equity, it would seem that an automobile might be forfeited by the same procedure. If a valuable lease on property in the City of New York may be destroyed without a trial by jury, an automobile may likewise be forfeited by the same method.

In both proceedings the same power of the state—the police power—is invoked. The brewery was destroyed because it was an injury to the public. The

building itself was not inherently a nuisance. It was the use made of it in defiance of the law that made it such. The lease of a building in itself is not harmful. It was the use made of it to wilfully violate the law which brought about its destruction under the law. So an automobile is not in itself a harmful vehicle. It is highly useful. But it is capable of aiding materially to violate the law. It is swiftly moving, difficult of capture, and readily lends itself to concealing contraband liquors. When used to violate the law it is done wilfully and in defiance of the law and those appointed to enforce the law. Liens may be placed on it in different ways so as to conceal the state of the title thereto requiring the peculiar procedure of equity to find the true state of the title. The law is as much concerned to protect the property of the innocent as to forfeit the property of the rebelliously guilty. We are persuaded that the statute assailed denying the right of a jury trial in cases like the instant case is a valid exercise of the police power.

The state has long been committed to the doctrine that the jury· trials guaranteed by our Constitution are those trials obtaining under the common law at the time our Constitution was adopted. In *Raymond* v. *Flavel,* 27 Or. 219, 230 (40 Pac. 158), Mr. Justice WOLVERTON with his usual clarity stated the rule thus:

"Art. I, section 17, constitution of Oregon, provides that 'In all civil cases the right of trial by jury shall remain inviolate.' This section simply secures to suitors the right of trial by jury in all cases where it was demandable at common law. It is not an enlargement, but a guarantee, of the right as it existed before the adoption of the constitution."

*Stevens* v. *Myers,* 62 Or. 372 (121 Pac. 434, 126 Pac. 29), is another well-considered case in which this court was divided. The question of the right to a jury trial under our Constitution is there treated exhaustively both in the majority opinion written by Mr. Justice BURNETT and the minority opinion by Mr. Justice McBRIDE. See, also, *Fleischner* v. *Citizens' Investment Co.,* 25 Or. 119, 130 (35 Pac. 174), and *Tribou* v. *Strowbridge,* 7 Or. 156, 158. This is in harmony with the law in a great majority of the states of the Union, and is applied to cases of the kind at bar. A few of the leading cases are: *State ex rel.* v. *One Five-Passenger Paige Automobile,* 204 Ala. 44 (85 South. 276); *Kirkland* v. *State,* 72 Ark. 171 (78 S. W. 770, 105 Am. St. Rep. 25, 2 Ann. Cas. 242 and note, 65 L. R. A. 76); *Kite* v. *People,* 32 Colo. 5 (74 Pac. 886, 888); *State* v. *Peterson,* 107 Kan. 641, (193 Pac. 342); *State* v. *Lee,* 113 Kan. 462 (215 Pac. 299); *State* v. *Ryder,* 126 Minn. 95 (147 N. W. 953, 5 A. L. R. 1449); *State* v. *One 1921 Cadillac Touring Car,* 157 Minn. 138 (195 N. W. 778, 780); *State* v. *Kelly,* 57 Mont. 123 (187 Pac. 637); *Robinson Cadillac M. C. Co.* v. *Ratekin,* 104 Neb. 369 (177 N. W. 337); *Lawton* v. *Steele,* 152 U. S. 133 (38 L. Ed. 385, 14 Sup. Ct. Rep. 499, see, also, Rose's U. S. Notes); Joyce, Intoxicating Liquors, § 500.

In *State* v. *Kelly,* 57 Mont. 123 (187 Pac. 637, 638), it is ruled:

"Such summary proceedings as were known to the common law were not triable by jury, as a matter of right, 4 Bl. Com. 280. Summary proceedings of this character, authorized by the state in the exercise of its police power and designed to effectually suppress the unlawful traffic in intoxicating liquors, were unknown to the common law or to the statutory laws of this territory at the time our Constitution was

adopted, and are not comprehended in the guarantee of trial by jury. Upon this question there is some diversity of opinion, but the decided weight of authority and the better reasoning support the view herein indicated. (Authorities cited.)

"Cases cited by appellant within the admiralty and maritime jurisdiction of the federal courts, and cases arising under the revenue laws of the United States, are not applicable here."

Cornelius, Search & Seizure, 571 et seq., § 294; Blackmore on Prohibition (2 ed.) 469 et seq.

The proceeding for seizure and forfeiture is *in rem,* is a civil suit and summary. This conclusion requires this court to try this case anew.

This is not a criminal proceeding and the plaintiff is not required to prove its case beyond a reasonable doubt: Blackmore on Prohibition (2 ed.), 570, § 37. "The forfeiture statutes are highly penal and should be strictly construed." Blackmore on Prohibition (2 ed.), 571, § 38.

If the defendant automobile was engaged in transporting liquor it was subject to forfeiture notwithstanding only a pint was carried. The evidence in behalf of plaintiff, if believed, is sufficient to sustain the decree. If the liquor was transported, the automobile was deliberately, intentionally and wilfully employed for that purpose. It is not a case of an owner or driver of a car innocently carrying a passenger with a bottle of intoxicants concealed on his person: Cornelius, Search & Seizure, 603, § 303; Blackmore on Prohibition, 219–223, §§ 108–112. The automobile was employed expressly for the purpose of driving about one mile into the country to procure and transport the liquor. The husband generally and habitually used the car as his own.

It is not necessary under Chapter 29, General Laws of 1923, that liquor be found in the car or that it should be engaged in transporting liquor at the time it is seized.  Authorities to that purport cited by appellant are not in point because construing different statutes: Cornelius, Search & Seizure, 587, note 63; Blackmore on Prohibition, 573, § 44; *Williams* v. *State et al.,* 27 Ga. App. 224 (107 South. 620).  Our statute prescribes:

"Whenever, in connection with the pursuit or search of any boat, vehicle or other conveyance or otherwise, any peace officer shall find intoxicating liquor upon or in the same or *which has recently been removed therefrom,* in which he has probable cause to believe it is then being or *has recently been unlawfully carried, transported,* kept or possessed by the owner or *person in charge of, or operating* such, * * vehicle, said officer shall * * seize such * * vehicle * * ."

This is a valid exercise of the police power: Blackmore on Prohibition (2 ed.), 573, § 44.

"It is the universal view of the federal courts that a conviction of a person for breach of the Volstead Act is a prerequisite to a forfeiture under this section: *The Saxon,* 269 Fed. 639; *United States* v. *Slusser,* 270 Fed. 818; *United States* v. *One Packard Motor Truck,* 284 Fed. 394." Blackmore on Prohibition, 543, § 9.

This view is based upon the language of that act.  Our statute does not require previous conviction of the person operating an automobile in order to forfeit such automobile.  The driver of an automobile may abandon such a car, escape and never be captured, as was the case in *Hoover* v. *People,* 68 Colo. 249 (187 Pac. 531).  The car was not forfeited in that case because the owner was found innocent of any

knowledge of the unlawful use of the car. But the court retained jurisdiction notwithstanding the guilty driver was not convicted. Some of the state statutes, like the Volstead Act, make the forfeiture depend upon conviction of the person in control of the car. Decisions under such statutes are not applicable here. Because of the difference in the wording of statutes in the several states, the decisions of other jurisdictions are not authority under our statute in this regard: Thorpe, Prohibition & Industrial Liquor, 486, § 928.

Our statute prescribes that a car shall be forfeited for the unlawful transportation of intoxicating liquor either with the knowledge of the owner, or the person operating or in charge thereof. In Section 3 of the act, Chapter 29, General Laws of 1923, provision is made for giving notice to the owners and lienors, if any. The statute prescribes in detail the procedure for ascertaining the names of the owners and clearly manifests the intention to protect the property in the car of any innocent owners and lienors. Section 11 prescribes:

"Whenever, in proceedings under this act, intoxicating liquor is shown to have been found in or upon any boat, vehicle or other conveyance or in the possession of any person or in or upon the same, or is proved to have been transported or kept therein, it shall be presumed that the same was done with the knowledge and consent of the owner and of the person in charge of or possession of such boat, vehicle or other conveyance and with the knowledge and consent of any holder of any lien thereon, but such presumption shall be a disputable one."

The burden of proving lack of knowledge on the part of the owner is cast upon the owner by the statute. If the evidence relied upon by the state is true,

there is no doubt that the husband of the claimant, appellant here, consented to the use of the car for the transportation of intoxicating liquors.    He deliberately, intentionally and wilfully used the car for that specific purpose.    He is the husband of the claimant. She testified that he used it habitually as and when he wanted to.    It is not necessary to prove her actual knowledge.    That is imputed to her under the circumstances.    The statute does not require it but simply requires knowledge on the part of the person having charge of the car: *State* v. *Brown,* 119 Kan. 874 (241 Pac. 112); *State* v. *One 1921 Cadillac Tr. Car and Others,* 157 Minn. 138 (195 N. W. 778).    The proceeding is against the offending car: *Harwood* v. *State,* 29 Ga. App. 464 (116 S. E. 211); *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 (220 Pac. 306, 309).    It is within the police power of the state to forfeit vehicles used in the transportation of intoxicating liquors regardless of their ownership: *United States* v. *One Buick Rd. Automobile,* 244 Fed. 961; *United States* v. *One 7 Pass. Paige Car,* 259 Fed. 641; Cornelius, Search & Seizure, 594 et seq., § 298; Blackmore on Prohibition, 577 et seq., §§ 57–63.

"But it is generally conceded that if the statute specifically provides for the forfeiture of innocent interests, and if such legislation is reasonably necessary to enforce obedience to the law, the statute is a proper exercise of the police power."    Thorpe, Prohibition & Industrial Liquor, 375, § 723.

"It is insisted, however, that unless the rights of an innocent mortgagee under such circumstances are protected, the act is unconstitutional.    The contention is that the interpretation of the law by the trial court deprives appellant of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, for the reason that no crime has been charged against the

appellant, who merely intervened, and set up its claim because its property had been seized by the state under the provisions of a law concerning a crime committed by others. * * ''

''In our opinion it is a sufficient answer to these suggestions to say that it is within the police power of the state to provide for the forfeiture of property used in violation of a criminal statute, and to provide expressly that the rights of an owner or mortgagee, however innocent of the intent or purpose for which the property is to be used, shall be forfeited, and such a law is not open to the objection that it violates the Fourteenth Amendment by taking property without due process of law.'' *State* v. *Peterson,* 107 Kan. 641 (193 Pac. 342, 343).

''The right of the legislature to enact the law in question is derived from that undefinable branch of government known as the police power, which by some writers is said to bear the same relation to the state that the principle of self-defense bears to the individual. *Barrett* v. *Richard,* 85 Neb. 769 (124 N. W. 153). Whether the necessity exists for such an exercise of the police power as the act provides is a legislative question. The amendment under consideration was enacted for the express purpose of meeting a situation that to the lawmaker appeared to have become intolerable. The facility with which automobiles and other high-power means of locomotion, under the control of a single person, untrammeled as to selection of time or route, could be used to transport spirituous liquors unlawfully, made the prohibitory act practically impossible of enforcement. Hence the act in question. We conclude that the act provides a valid exercise of the police power, and that it does not contravene the provisions of the fundamental law.'' *Robinson Cadillac M. C. Co.* v. *Ratekin,* 104 Neb. 369, 377 (177 N. W. 337, 340).

The authorities are collected in Blackmore on Prohibition beginning in page 578, Section 58 et seq. The conflict in the decisions in the several jurisdictions

are explained by the difference in the statutes under construction. Particular attention is directed to Section 60. So far as the power of the legislature is concerned, there is no difference in principle between statutes enacted to enforce prohibition and to enforce laws against smuggling: Cornelius, Search & Seizure, 529 et seq., § 301.

"Unless the owner shows absence of guilty knowledge, the court is without authority to return to the owner a vehicle used in the illegal transportation of liquors." Cornelius, Search & Seizure, 600, citing *United States* v. *Burns,* 270 Fed. 681.

In this suit the claimant, appellant here, contented herself with denying knowledge of the use of the automobile for the purpose of transporting liquor. She testified, however, that her husband used it when he pleased. He had control of the machine. There is no testimony that she forbade its use for any such purposes or that she exercised any care to prevent its unlawful use. Under our statute he was both the person operating and in charge of the automobile. The automobile is subject to forfeiture when the same is employed by him for the unlawful transportation of intoxicating liquors: *Goldsmith-Grant Co.* v. *United States,* 254 U. S. 505 (65 L. Ed. 376, 41 Sup. Ct. Rep. 189); *White Auto Co.* v. *Collins,* 136 Ark. 81 (206 S. W. 748, 2 A. L. R. 1594). Some of the authorities draw a distinction between a *bona fide* lienholder and an owner. A *bona fide* lienholder can recover the car or have his lien transferred to the proceeds of the sale of the car under circumstances that an owner or a seller on installments retaining title until the automobile has been fully paid for is not entitled to recover: Cornelius, Search & Seizure, 608–611;

*McKay* v. *Commonwealth,* 137 Va. 826 (120 S. E. 133).

It was not error for the Circuit Court to admit the evidence on rebuttal complained of by the appellant. Some of that evidence was properly direct evidence in chief, but it was also proper rebuttal. Such matters are largely in the discretion of the trial court and its ruling will not be disturbed on appeal, unless there is clearly an abuse of discretion. The complaint about the cross-examination is not well taken. The decree ought to be affirmed.

BROWN, J., concurs in conclusion that the act is constitutional.