(58 Misc. Rep. 313.)

## MURRAY HILL CO. v. KUHNLE.

(City Court of New York, Special Term.   March 11, 1908.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—PROPERTY EXEMPT—EARNINGS.
    A married debtor with a family, whose only means of livelihood was a contract for carpentering work, and who paid to his employés working on the job money received for work done under the contract previous to the service of the order for his examination, was not guilty of contempt for transferring property in violation of an injunction contained in the order, since under Code Civ. Proc. § 2463, relating to supplementary proceedings, the earnings of the judgment debtor for his personal services rendered within 60 days next before the institution of the special proceeding are exempt, when it appears that such earnings are necessary for the use of a family wholly or partly supported by his labor.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1104.]

2. SAME—STATUTORY PROVISIONS—CONSTRUCTION.
    The exemption for the benefit of the judgment debtor to enable him to support his family out of his earnings, as provided by Code Civ. Proc. § 2463, relating to supplementary proceedings, should be liberally construed in favor of the debtor.

Action by the Murray Hill Company against Fritz Kuhnle.  Motion to punish defendant as judgment debtor for contempt for transferring property in violation of the injunction contained in the order for his examination in supplementary proceedings.  Motion denied, without costs, with leave to renew.

Pressinger & Newcombe, for plaintiff.

FINELITE, J.   This is a motion to punish the judgment debtor for contempt for transferring property in violation of the injunction contained in the order for his examination. The judgment debtor testified in his said examination that his only means of livelihood was a certain contract he had for carpentering work on a certain described building for the sum of $1,825, payable "80 per cent. of the value of the labor and materials on the job, and remaining 20 per cent. 30 days after the completion of the work called for under said contract"; that he received payment under said contract on Fridays and Saturdays of each week; that he received one payment on February 1, 1908, of $150, and another on February 7, 1908, of $100, for work done previous to the service of said order for his examination upon him; that said order was served on the judgment debtor on January 31, 1908; that he paid out said moneys to his employés who were working on said job and under said contract.

Assuming, as I will, that the moneys received on February 1st and February 7th were earned previously, still I fail to discover any con-

tempt of court in paying it away in discharging expenses necessarily incurred by the judgment debtor in running his business. The defendant is a married man with a family, and by law he is required to provide for them. He can do this only through some form of remunerative employment, and, being carried on with the assistance of others, I take it that his personal earnings are the net profits realized from it, and those for 60 days preceding the examination the statute exempts from seizure under these proceedings. Code Civ. Proc. § 2463. The material as well as the labor required to complete this contract, received under circumstances like those disclosed in this motion, equitably belong to those furnishing the same, and it is only through them that any net results reach the defendant. Sandford v. Goodwin, 20 Civ. Proc. R. 276, note. The exemption for the benefit of the judgment debtor to enable him to support his family out of his earnings should be liberally construed in favor of the debtor. It is a humane provision. Miller v. Hooper, 19 Hun, 394. I am therefore of the opinion that the defendant is not guilty of any contempt. The judgment creditor may continue the examination to discover further property.

Motion denied, without costs, with leave to renew.