PATTEN et al. v. STURGEON et al.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1914.)

No. 129.

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—HOMESTEAD—STATUTES—CONSTRUCTION.

Act Okl. March 15, 1905 (Sess. Laws 1905, c. 18) § 1, provides that the homestead of a family, which shall consist of the home of the family, whether the title is lodged in or owned by the husband or wife, shall be exempt. Const. Okl. art. 12, § 1, provides that the homestead of a family not within any city, town, or village shall consist of not more than 160 acres, while the homestead in a city, town, or village, owned and occupied as a residence only, shall consist of not more than an acre of land, "provided that the same shall not exceed in value the sum of $5,000," and in no event shall the homestead be reduced to less than a quarter of an acre, without reference to value. *Held*, that the proviso quoted applies only to a city, town, or village homestead, and that a bankrupt is entitled to claim a country homestead, not greater than 160 acres in area, as exempt without reference to its value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—"CARRIAGE."

An automobile belonging to a bankrupt, who had no other carriage, was a "carriage," within Sess. Laws Okl. 1905, c. 18, § 1, subd. 10, exempting to a debtor one carriage or buggy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*

For other definitions, see Words and Phrases, vol. 1, pp. 976–978; vol. 8, p. 7596.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

214 F.—5

Petition to Revise Order of the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Petition by F. L. Patten, as trustee in bankruptcy of John R. Sturgeon and Nancy A. Sturgeon, and others, to revise an order setting aside a homestead and an automobile as exempt property. Petition denied.

M. W. Hinch, of Kingfisher, Okl. (John T. Bradley, Jr., of Kingfisher, Okl., on the brief), for petitioners.

E. M. Bradley, of Kingfisher, Okl. (J. T. Bradley, of Kingfisher, Okl., on the brief), for respondents.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. This is an original petition brought to revise an order of the District Court of the Western District of Oklahoma setting apart a homestead and an automobile as exempt property in a bankruptcy case. John R. Sturgeon and Nancy A. Sturgeon, husband and wife, were the bankrupts. At the time of their adjudication, the wife was, and for a long time prior thereto had been, the owner of a tract of 160 acres of land situated in the country; that is, not within a city, town, or village of the state of Oklahoma. This tract was of the value of $12,000. Upon it the husband and wife had for a long time resided and made their home. The husband, at the time of their adjudication, was the owner of an automobile worth $500, and neither the husband nor the wife was the owner of any other vehicle, like a buggy or carriage. The referee and the trial court, on due proceedings taken, held that the tract of land on which the husband and wife resided was a homestead, and the automobile was a carriage, within the meaning of the Oklahoma statutes, and ordered the same set apart to the bankrupts as exempt property.

The trustee, joined by two creditors of the bankrupts, prosecute this petition to secure a reversal of those rulings. Was there error in them? In answering this question it is conceded that the laws of Oklahoma must control.

[1] By the act of the Oklahoma Legislature approved March 15, 1905 (Sess. Laws 1905, c. 18, § 1), it was enacted as follows:

"The following property shall be reserved to every family residing in the territory exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: First, the homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife. * * * Tenth, one carriage or buggy."

The Constitution of the state of Oklahoma, adopted in the year 1907 (section 1, art. 12), ordained as follows:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: *Provided, that the same shall not exceed in value the sum of five thousand dollars*, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value: And provided further, that

in case said homestead is used for both residence and business purposes the homestead interests therein shall not exceed in value the sum of five thousand dollars."

The contention of the petitioners is: That the proviso in the Constitution just underscored, namely, "Provided that the same shall not exceed in value the sum of five thousand dollars," is a limitation upon the value of a homestead in the country as well as in the city, town, or village, and therefore that the District Court erred in setting apart a homestead to the bankrupts, even though located in the country, exceeding in value the sum of $5,000. We think it very plain that this contention is without merit. The construction of the sentence, the language employed, and the context in which it appears, as well as the punctuation, show that the limitation of value to $5,000 is confined "to homesteads within any city, town or village," and has no reference to homesteads "not within any city, town or village," which was the subject of the first or preceding clause.

We have carefully examined the authorities relied on by the petitioners for their contention, namely, Miller v. Marx, 55 Ala. 322, and Beecher v. Baldy, 7 Mich. 488, and we fail to find in them any support for their contention in this case. We think the trial court was clearly right in holding that the homestead of a family in the state of Oklahoma "not within any city, town or village" may consist of 160 acres of land without regard to its value, and that no error was committed in setting apart the homestead in question as exempt property.

[2] We are also of opinion that "an automobile" is a carriage, within the meaning of the Oklahoma statute which exempts to every family "one carriage or buggy," and especially is this so when the family had no other carriage than the automobile.

The petition to revise must therefore be denied.