NORTHERN NEW YORK TRUST COMPANY, Judgment Creditor, *v.* SANDOR S. BANO, Judgment Debtor.

County Court, Jefferson County, May 28, 1934.

*Melvin F. Kinkley,* for the judgment debtor.

KIMBALL, J. The judgment creditor asks that the judgment debtor be held in contempt of court for violating the injunction in an order directing the examination of the judgment debtor in proceedings supplementary to execution. The facts are stipulated. Bano owned a truck of the value of about $250. After the order in supplementary proceedings was made and while it was in effect, he transferred his interest in the truck. It is conceded that Bano is a householder and head of a family. He takes the position that he did not violate the order, but that he had a right to transfer his interest in the truck on the ground that it was exempt property and not the subject of levy and sale, under section 665 of the Civil Practice Act. The only question involved, therefore, is whether an automobile truck is exempt property.

Subdivision 7 of section 665 of the Civil Practice Act provides that household furniture, working tools, team, professional instruments, furniture and library, not exceeding in value $250, together with the necessary food for the team for ninety days, are exempt from levy and sale.

While there have been various decisions in several States and in the Federal courts construing the several exemption statutes, apparently there has been no reported decision on this particular question in this State.

No property is exempt from execution unless some statute makes it so. (*Herbach* v. *Herbach,* 148 Misc. 33; *Baker* v. *Brintnall,* 52 Barb. 188.)

While exemption statutes are in derogation of the common law, yet the courts have held they should have a liberal construction in order to carry out their apparent beneficent purpose. (*Murray Hill Co.* v. *Kuhnle,* 58 Misc. 313.)

No citation of authorities is necessary to support the proposition that courts cannot take the place of the Legislature and say what shall be exempt and what shall not be exempt. It is the province of the Legislature to grant exemptions to debtors and whether the Legislature was wise or unwise is not here before the court. All the court can do is to use the rules relating to the construction of

statutes and determine the intent of the law-making body as expressed in the statute.

If an automobile truck is exempt, it must be because it was contemplated by the Legislature to be so either as "working tools" or as a "team." Working tools and a team were exempt property before the invention or general use of automobile trucks. It would be unreasonable to hold that the Legislature intended that a subsequently devised machine should be exempt, either as "working tools" or a "team." Words must be given their ordinary meaning, keeping in mind that the statute should be liberally construed. To hold that an automobile truck is "working tools," or a "team" would be to enlarge the meaning of ordinary words to such an extent as to amount to judicial legislation.

There have been decisions of other States extending the meaning of "carriage" or "buggy" to include "automobile." (*Patten* v. *Sturgeon*, [Okla.] 214 Fed. 65; *Malone* v. *Kennedy*, [Tex. Civ. App.] 272 S. W. 509.)

The New York statute does not specifically exempt a carriage or buggy. It has been held, however, that a wagon is exempt as a part of a "team." (*Brown* v. *Davis*, 9 Hun, 43; *Wolf* v. *Farley*, 16 N. Y. Supp. 168.)

It is thus evident that a wagon or buggy to be exempt had to be a "vehicle to which the plaintiff's horse or horses were ordinarily attached being a part and parcel of the 'team,' within the meaning of the statute." (*Wolf* v. *Farley, supra.*) Under this construction, an automobile truck could not be considered as a part of a team.

I do not think that an automobile truck can be classified as a "working tool." It must be conceded that a motor vehicle would be ordinarily classified as a "machine." Funk & Wagnall's Standard Dictionary defines "tool" as "a simple mechanism or implement, as a hammer, chisel, spade, etc., used in working, moving or transforming material." The same dictionary defines "machine" as "Any combination of inanimate mechanism for utilizing or applying power. Specifically: * * * (1) A construction for mechanical production or modification, generally complicated. (2) A simple mechanism, as a lever and fulcrum. * * * (3) A fire-engine; in Gt. Britain, any vehicle."

A "machine" is distinguished from a "tool" by its complexity. It would strain the plain meaning of the word "tool" to the breaking point to include within that meaning an automobile or truck. An automobile truck is a complicated piece of mechanism involving the element of power and definitely falls within the classification of "machine" and not "tool." If an automobile truck is a tool, then so is a threshing machine, a taxicab or other similar device.

Under the California statute, a taxicab has been held not to be exempt. (*Matter of Wilder*, 221 Fed. 476.)

In this State a threshing machine had been held not to be exempt. (*Ford* v. *Johnson*, 34 Barb. 364.)

Probably the best authority for holding this truck not exempt is the fact that the Legislature has been in session many times since the universal use of motor vehicles and it has not specifically exempted such articles. In the meantime, the Legislature has amended section 200 of the Surrogate's Court Act by inserting in subdivision 3 thereof the words " the farm machinery, and one motor vehicle or tractor, not exceeding in value four hundred and fifty dollars." The Legislature has seen fit to specifically exempt motor vehicles for the benefit of the family of a decedent but has not done so for the protection of debtors under section 665 of the Civil Practice Act. It seems to me that the intention of the Legislature is apparent, viz., that it has not yet deemed it advisable to extend the benefits of section 665 of the Civil Practice Act to include a motor truck.

The courts cannot extend the statute. They can only carry into effect the plain intent of it. As was said in *Matter of Gerber* ([C. C. A.] 186 Fed. 693): " While it is well established law that exemptions on behalf of unfortunate debtors are to be liberally construed in the furtherance of the object of such statutes, it should never be forgotten that courts have not the power to legislate, and can no more add an exemption not fairly within the statute than they can take from the statute."

I hold, therefore, that the motor truck in question is not exempt property, that the transfer of the judgment debtor's interest in it constituted a violation of the order in supplementary proceedings, and that technically, at least, the judgment debtor is in contempt of court. By reason of the apparent novelty of the question here presented, the judgment debtor will be purged of the contempt, provided he delivers the truck over to the sheriff for sale, free and clear of liens or incumbrances, or pays to the judgment creditor its value, which has been stipulated as $250.

Ordered accordingly.