Argued September 11, affirmed November 13, 1969

CORNELISON, *Appellant, v.* SEABOLD ᴇᴛ ᴀʟ,
*Respondents.*
460 P. 2d 1009

*James B. Griswold,* Portland, argued the cause for appellant. With him on the briefs were Green, Richardson, Griswold & Murphy and Allen T. Murphy, Jr., Portland.

*David P. Templeton,* Portland, argued the cause for respondents Seabold and Wolverton. With him on the brief were Dusenbery, Martin, Beatty, Bischoff & Templeton and Lloyd B. Ericsson, Portland.

*Kenneth E. Roberts,* Portland, argued the cause for respondent Stevens & Thompson, Inc. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and Ridgway K. Foley, Jr., Portland.

DENECKE, J.

The plaintiff workman was injured by the falling of a water storage tank which was being con-

structed. He brought this action against the defendants Seabold & Wolverton, a partnership, alleging they employed him in the construction of the tank, and against the corporation. Stevens & Thompson, Inc., alleging that they prepared the plans and specifications for the tank. The partnership and the corporation filed supplemental answers alleging that plaintiff's sole remedy was that provided by the Workmen's Compensation Act. The trial court so held and plaintiff appeals.

## I

■ Plaintiff claims that the trial court erred by not permitting a jury to try the issue, raised by the supplemental answers, whether the Workmen's Compensation Act provides the sole remedy. He contends that the statute governing the trial of this issue must be construed to permit the use of a jury to try the factual aspects of the issue; otherwise, such statute would be contrary to Art VII, § 3, of the Oregon Constitution, which preserves the right to a jury trial.

ORS 656.324(3) (now ORS 656.595(3)) provides: "A challenge to the right to bring such third party action shall be made by supplemental pleadings only, and such challenge shall be determined by the Court as a matter of law."

There is dictum in *Pruett v. Lininger*, 224 Or 614, 626, 356 P2d 547 (1960), contrary to plaintiff's contention:

"By reserving its judgment upon the issue of the exclusive coverage of the Workmen's Compensation Act until after the verdict, the trial court permitted a great deal of trial time to be taken up with evidence relevant only to the issue of coverage. Whether this mass of evidence was confusing

to the jury will never be known. The difficulty should have been avoided by the trial court first determining the matter of coverage. In such cases, it is the clear intent of ORS 656.324 (3) [now ORS 656.595(3)] that the trial court resolve the questions presented by supplemental answer before the commencement of the jury trial, if any, upon the issues of negligence and damages."

From our experience as trial judges and practitioners we know that the practice has been to try before the court without a jury the issues raised by the supplemental answer. The Oregon State Bar Continuing Legal Education publication, "Workmen's Compensation Practice in Oregon" (1968), states: "A challenge to the right to bring the third party action must be raised by supplemental pleading and heard before the court only. ORS 656.595(3)." § 17.9, p 273.

The language of ORS 656.595(3), "shall be determined by the court as a matter of law," while not completely determinative, is an indication of the legislature's intent that the issues should be tried without a jury. Plaintiff contends that this only directs the court to decide the legal issues, while the jury shall decide the factual issues. As defendants point out, such an interpretation renders the phrase, "as a matter of law," superfluous: the court, without any direction from the legislature, always decides the legal issues. Unless the Oregon Constitution requires otherwise, we construe ORS 656.595(3) to provide for trial by the court without a jury of the issues raised by the supplemental answer.

Art I, § 17, and Art VII, § 3, of the Oregon Constitution both preserve the right of jury trial. The language of these sections is not particularly helpful in determining their scope. We have held that both

provisions "assure trial by jury in the classes of cases wherein the right was customary at the time the constitution was adopted," *Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 225, 336 P2d 39, 337 P2d 810 (1959), or "cases of like nature," *State v. 1920 Studebaker Touring Car,* 120 Or 254, 263, 251 P 701, 50 ALR 81 (1927).

A commitment for mental incompetency does not require a jury trial because the statute at the time of the adoption of the Oregon Constitution did not so require. *In re Idleman's Commitment,* 146 Or 13, 28-30, 27 P2d 305 (1934). The issue of whether a relative is responsible for welfare payments made to another relative does not require a jury trial because such an issue had no commonlaw antecedent. *Mallatt v. Luihn,* 206 Or 678, 695, 294 P2d 871 (1956). The Oregon Constitution does not require that the issue of necessity in a private condemnation proceeding be tried before a jury because a jury did not try this issue at common law. *Moore Mill & Lbr. Co. v. Foster,* supra (216 Or at 219-231).

On the other hand, we held in *State v. 1920 Studebaker Touring Car,* supra (120 Or 254), that a statute authorizing a court to declare that an automobile be forfeit to the state was contrary to the Oregon constitutional guarantee of a right of trial by jury. The statute provided that any car in which liquor is kept to the knowledge of the owner or operator should be forfeited to the state. It further provided that the issue of whether or not the car was subject to forfeiture should be tried by a court without a jury. This court held that a seizure of property as a penalty for the violation of a law was at common law triable by the jury and, therefore, in the statutory

proceeding the Oregon Constitution preserved the right to trial by jury.

Plaintiff contends that this is in essence an action for damages for personal injuries, which at common law is triable by a jury. The issue raised by the supplemental answer is whether or not plaintiff's sole remedy is compensation benefits awarded pursuant to the Workmen's Compensation Act. Workmen's compensation, of course, is a creation of the legislature, not of the common law. Thus, although the over-all proceeding is one known to common law the particular issue raised by the supplemental answers is not one known to the common law. Analytically, it would seem that it should be the nature of the particular issue in the proceeding, rather than that of the entire proceeding, which should dictate whether this issue is to be tried with or without a jury.

For the above-stated reasons we construe the Oregon Constitution to permit the trial of the issues raised by the supplemental answer by a court sitting without a jury.

## II

■■ Plaintiff alleged in his complaint that the defendants Seabold and Wolverton were a partnership and that they employed the plaintiff in constructing the water tower. The defendants Seabold and Wolverton, in their supplemental answer, alleged that they had been a partnership; that they had ceased to do business as a partnership and had incorporated; that the new corporation constructed the water tower and was plaintiff's employer; and that the new corporation was a contributor to the State Industrial Acci-

dent Fund and, therefore, plaintiff's remedy was Workmen's Compensation benefits.

The plaintiff contends that the trial court erred in finding in accordance with the allegations of the supplemental answer of defendants Seabold and Wolverton.

In considering this assignment of error the initial inquiry is,—what is the scope of judicial review of the findings made in the supplemental proceeding? In a law action the findings of the trial court are treated the same as a jury verdict and will not be overturned if there is any evidence to support them. *Kuzmanich v. United Fire & Casualty,* 242 Or 529, 531, 410 P2d 812 (1966). In equity this court tries the facts de novo. These two methods of review are prescribed by statute. *Bollenback v. Continental Casualty Co.,* 243 Or 498, 502, 414 P2d 802 (1966). ORS 19.125 provides:

> "(1) Upon an appeal from a judgment in an action at law, the scope of review shall be as provided in section 3, Article VII (Amended) of the Oregon Constitution.
>
> "* * * * *
>
> "(3) Upon an appeal from a decree in a suit in equity, the cause shall be tried anew upon the record."

Section 3, Art VII, in effect provides that a jury's findings are final if there is any evidence to support the findings.

In *Oregon Farm Bureau v. Thompson,* 235 Or 162, 176-211, 378 P2d 563, 384 P2d 182 (1963), we discussed at length the question of when the court is bound by findings of the trial court and when we must

review de novo. That was a declaratory judgment proceeding and at least a majority of the court adopted the view that if the basic nature of the proceeding was legal, this court is bound by any findings of the trial court which had support in the evidence; if the basic nature of the proceeding was equitable we are obligated to try the matter de novo. The entire court assumed, without discussion, that if the basic nature of the proceeding was not equitable we could not try the matter de novo unless the legislature specifically so ordered.

In *Turner v. Hendryx,* 86 Or 590, 167 P 1019, 169 P 109 (1917), the court likewise made the same assumption. That was a habeas corpus proceeding by a father to regain custody of his son. The statute, now ORS 34.710, provided that an appeal could be taken, "in like manner and with like effect as in an action." Despite this clause, a majority of the court held that the proceeding was equitable in nature and the appeal was de novo. The court must have assumed that the appellant would be bound by the findings of the trial court which were supported by the evidence if the proceedings were of some nature other than equitable, not necessarily legal, merely not equitable.

We concur in the assumption of these two decisions, i.e., ORS 19.125 directs this court to hear de novo only suits in equity, proceedings in the nature of suits in equity, or proceedings in which the legislature has expressly provided that this court hear the matters de novo. It follows that inasmuch as these proceedings are not equitable in nature we do not review de novo the findings of the trial court in this case.

The only issue, therefore, in this assignment of error is whether there is any evidence supporting the

findings of the trial court. Plaintiff has not directly attempted to meet this issue, but has detailed the evidence to the contrary. There is substantial evidence to the contrary; however, there is also substantial evidence to support the trial court's findings. There is documentary evidence that plaintiff, as well as the defendants Wolverton and Seabold, were on the corporation payroll as employees of the corporation and it is admitted that the corporation was a contributor to the Industrial Accident Fund. Such evidence alone is sufficient to support the findings.

## III

■ The trial court held that the defendant Stevens & Thompson, Inc., could not be sued because it was a contributor to the Industrial Accident Fund and because the plaintiff was injured while on premises over which his employer and Stevens & Thompson, Inc., had joint supervision and control and while they were engaged in the furtherance of a common enterprise within the purview of ORS 656.154. The court so held as a matter of law; however, as we previously concluded, the trial court must be affirmed if there is any evidence supporting its conclusion as a matter of fact. We find that there is such evidence.

The premises was the construction site. Stevens & Thompson, Inc., was the supervising engineer and had employees on the site at all times. We have previously stated our views upon a closely similar situation:

> "*Plummer v. Donald M. Drake Co.*, 212 Or 430, 320 P2d 245 (1958), was an action for injuries by an architect's employee who was injured on the job site while supervising the construction of a school. The defendant was the general contractor for the school. The issue was decided upon the

pleadings. However, we held that proof of the above-stated facts would bar plaintiff from recovering; so it must necessarily be inferred that we held that the above-stated facts established joint supervision and control by the architect and general contractor over the construction project." *Shoemaker v. Johnson,* 241 Or 511, 515, 407 P2d 257 (1965).

Affirmed.

McAllister, J., concurs in the result.