Argued August 20, affirmed September 22, reconsideration
denied October 22, petition for review denied November 12, 1975

## ACCIDENT PREVENTION DIVISION,
### *Respondent, v.* NORTH AMERICAN
### CONTRACTORS, INC. (SH-73-49), *Petitioner.*
540 P2d 391

*R. W. PicKell,* Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an administrative appeal which arises out of a citation and notice of proposed penalty issued by the Accident Prevention Division (APD) of the Workmen's Compensation Board concerning an alleged violation by North American Contractors, Inc., of provisions of the Oregon safety code. The code was promulgated pursuant to the provisions of the Oregon Safe Employment Act, ORS ch 654.

North American seeks relief from an opinion and order by referee of the Hearings Division of the Workmen's Compensation Board affirming the citation and assessing a penalty of $115.

The alleged violations were described in the citation as follows:

"A trench, measured six feet, seven inches deep,

from the top of the pavement to the bottom of the trench was without shoring, nor was the sloping method used. (Complied With At Time Of Inspection.) SERIOUS.

"No ladder or other acceptable means was provided for the access and egress of workmen in the open trench located on Pontiac Street in Yachats, Oregon. (Complied With At Time Of Inspection.)"

Respondent issued the citation to North American on December 6, 1973, while petitioner was engaged in the construction of a sewer line. The job site was inspected by an APD safety compliance officer who observed and photographed the excavation.

At the time of the inspection, excavation on the project had temporarily ceased and the trench was left open with vertical rather than sloped sidewalks. A workman was observed standing in the fully excavated depth of the trench. There was no ladder in the trench and the only means of access and egress for workmen was the sloped end of the trench where the backhoe was located.

On appeal, North American advances two principal contentions: (1) that the Oregon Safe Employment Act, in ORS 654.086 and 654.290, provides for the imposition of a penalty without a trial by jury in violation of Article I, § 17 of the Oregon Constitution, and (2) that the order of the APD and the referee was not supported by substantial evidence.

Article I, § 17, of the Oregon Constitution guarantees that:

"In all civil cases the right of Trial by Jury shall remain inviolate."

■■ We conclude that this provision does not require a jury trial for the imposition of a penalty under the Oregon Safe Employment Act. The right to a jury is constitutionally protected only in those " '* * *

classes of cases wherein the right was customary at the time the constitution was adopted,' * * * or 'cases of like nature,' * * *." *Cornelison v. Seabold,* 254 Or 401, 405, 460 P2d 1009 (1969); *Williams v. Joyce,* 4 Or App 482, 479 P2d 513, 40 ALR3d 1272, Sup Ct *review denied* (1971). *See also Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 336 P2d 39, 337 P2d 810 (1959); *State v. 1920 Studebaker Touring Car et al.,* 120 Or 254, 251 P 701, 50 ALR 81 (1927). The proceedings established by the Oregon Safe Employment Act did not exist at the time of the adoption of the Oregon Constitution nor are these proceedings akin to proceedings which ordinarily afforded parties the right to trial by jury. *See also Frank Irey, Jr., Inc. v. Occupational Safety & H. R. Com'n,* 519 F2d 1200 (3rd Cir 1975); *Mallatt v. Luihn et al,* 206 Or 678, 294 P2d 871 (1956).

■ Our review is limited to a determination of whether the referee's order is "* * * supported by reliable, probative and substantial evidence * * *." ORS 183.480(7)(d). The referee's order was so supported. There was substantial evidence from which the referee could conclude that the safety code was violated in the manner described in the citation. The testimony of the safety officer and photographs of the work site constituted ample evidence that the excavation was a trench as defined in the safety code and that it was unshored in violation of the code. The evidence also supported the finding that North American provided no means for an emergency exit from the trench while the backhoe was operating.

■ Petitioner's contention that a violation did not occur because work on the excavation had temporarily ceased is without merit in view of the fact that workmen were in the trench at the time of the inspection. Even if the workmen had not been in the trench, it is not necessary that an inspector "catch" a workman

in an unshored trench to prove that employes have been exposed to the hazard and the safety code violated. *Accident Prev. Div. v. Stadeli Pump,* 18 Or App 357, 525 P2d 170 (1974).

Affirmed.