BEHNKE, *Petitioner-Appellant,*

*v.*

JORDAN, *Defendant-Respondent.*

550 P2d 736

*Richard F. Lancefield,* Portland, argued the cause and filed briefs for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

O'CONNELL, C. J.

## O'CONNELL, C. J.

Petitioner, Golda Behnke, filed a petition for an alternative writ of mandamus in the circuit court for Multnomah County to require respondent Edmund Jordan, Judge of the Multnomah County District Court, to comply with petitioner's demand for a jury trial. Respondent demurred. The demurrer was sustained and petitioner appeals.

Petitioner was served with a citation for keeping a vicious dog in violation of Portland City Code § 13.04.060, which provides as follows:

"(a) It is unlawful for any person to keep or harbor within the city a dog known by said person to be a vicious dog.

"(1) For the purposes of this section a vicious dog is one which has bitten any person or other domestic animals or which has a known propensity to attack or bite human beings or other domestic animals."

Petitioner demanded a jury trial on the ground that ORS 221.349(1) entitled her to a jury trial. ORS 221.349(1) provides:

"In all prosecutions for any crime or offense defined and made punishable by any city charter or ordinance the defendant shall have the right of trial by jury, of six in number. Juries shall be selected from the latest tax roll and registration books used at the last city election in the same manner in which juries are selected for circuit courts. The verdict of the jury shall be unanimous."

Petitioner contends that since Portland City Code § 1.01.140 provides for imprisonment up to six months for a violation of any provision of the code, she has a right to a jury trial. Respondent counters with the argument that Portland City Code § 1.01.140 also provides that "* * * [N]o greater penalty shall be imposed than the penalty prescribed by Oregon statute for the same act or omission * * *." Respondent then points to ORS 609.090 and 609.095, which he contends cover the "same act or omission" as Portland City Code §

13.04.060.[1] A violation of ORS 609.090 subjects the violator to a fine only and not imprisonment,[2] and therefore the accused is not entitled to a jury trial for a violation of the statute. Respondent argues that since no jury trial is provided for a violation of the statute, no jury trial should be available to the accused for the violation of an ordinance which carries no greater penalty.

■ If ORS 221.349(1) is applied literally so that in *all* prosecutions for *any* offense under *any* ordinance, the defendant is entitled to a jury trial, petitioner in the present case was denied her statutory right. However, a literal application of the statute produces the incongruous result of guaranteeing a jury trial for the violation of a city ordinance but denying a jury trial for the violation of a statute which is not materially different in its proscription or penalty. It would be unrealistic for us to assume that the legislature intended ORS 221.349(1) to produce such an unreasonable result. ORS 609.090 and Portland City Code § 13.04.060 proscribe virtually the same conduct and, because of Portland City Code § 1.01.140, impose the same penalty. We hold, therefore, that petitioner was not entitled to a jury trial under ORS 221.349(1).

■ Petitioner next argues that even if petitioner is not entitled to a jury trial in a criminal proceeding, she is entitled to jury trial guaranteed in civil cases by the

[1] ORS 609.095 provides as follows: "A dog is a public nuisance if it:

"(1) Bites a person;

"(2) Habitually chases vehicles or persons;

"(3) Damages or destroys property of persons other than the owner of the dog;

"(4) Scatters garbage;

"(5) Habitually trespasses on private property of persons other than the owner of the dog;

"(6) Disturbs any person by frequent or prolonged noises; or

"(7) Is a female in heat and running at large."

ORS 609.090 provides as follows: "(1) * * * [W]hen a dog is a public nuisance described by ORS 609.095 * * * every * * * police officer shall impound it or cite the owner or keeper to court."

[2] ORS 609.990(2) provides: "Violation of ORS 609.090 and 609.160 is punishable, upon conviction, by a fine of not more than $50."

[ 202 ]

Oregon Constitution, Art. I, § 17 as limited by Art. VII (Amended), § 3.[3] The City of Portland Code § 13.04.070 provides that upon a violation of § 13.04.060 "the court shall order the defendant to remove the dog from the city." This, petitioner argues, would deprive the petitioner of a valuable property right which could be found to exceed $200 and that she is, therefore, entitled to a jury trial.

A defendant is entitled to a jury trial only in those types of cases in which the right existed at the time of the adoption of our constitution.[4] At the time of the adoption of the Oregon Constitution "petty and trivial offenses, where penalties were light, and where a speedy and inexpensive mode of procedure was necessary, were triable without a jury."[5] Likewise, a jury trial was not guaranteed where it was necessary in the interest of public health, safety or morals to destroy, forfeit, or abate to destroy an owner's property through summary proceedings.[6] The present case falls within both of the foregoing exceptions.

The judgment of the trial court is affirmed.

**DENECKE, J.,** dissenting.

The decisions of this court were not clear whether one who was convicted of violating a city ordinance carrying a possible penalty of imprisonment was entitled to a jury trial under Art I, § 11, of the Oregon

---

[3] Article I, § 17 provides: "In all civil cases the right of Trial by Jury shall remain inviolate."

Article VII (Amended), § 3 provides: "In actions at law, where the value in controversy shall exceed $200, the right of trial by jury shall be preserved."

[4] *Cornelison v. Seabold,* 254 Or 401, 405, 460 P2d 1009 (1969).

[5] Note, 6 Or L Rev 386, 390 (1927); *See, State v. 1920 Studebaker Touring Car,* 120 Or 254 at 262, 251 P 701, 50 ALR 81 (1927); *State v. Hauser,* 137 Neb 138, 288 NW 518 (1939); *cf., Duncan v. Louisiana,* 391 US 145, 88 S Ct 1444, 20 L Ed2d 491, 502 (1960).

[6] Note, 6 Or L Rev 386, 390 (1927); *See, Lawton v. Steele,* 152 US 133, 14 S Ct 499, 38 L Ed 385, 390 (1894); *cf., State v. 1920 Studebaker Touring Car, supra* note 5, at 268.

[ 203 ]

Constitution. *Wong v. City of Astoria,* 13 Or 538, 544-546, 11 P 295 (1886), held the defendant was not entitled to a jury trial because it was not a criminal prosecution. *Portland v. Erickson,* 39 Or 1, 6-7, 62 P 753 (1900), however, while not expressly overruling *Wong,* created doubts about its vitality. *Duncan v. Louisiana,* 391 US 145, 88 S Ct 1444, 20 L Ed2d 491, reh den 392 US 947, 88 S Ct 2270, 20 L Ed2d 1412 (1968), interpreting the Federal Constitution, was, of course, decided much later.

Many city charters, particularly those of the larger cities, provided for jury trials for violations of city ordinances. For examples, see § 8 of the City Code of Salem 1956; § 18, ch IV, Charter of the City of Eugene 1952. Such provisions made no distinction between trial for violations which were punishable by fine or by imprisonment. The charters of some cities, particularly small ones, however, did not provide for jury trials for violations of any ordinances.

ORS 221.349(1)[1] appears to have been enacted to give a defendant the right to a jury in a trial for the violation of the ordinances of any city. House Bill 209, which became ch 502, Oregon Laws 1959; Minutes of House Judiciary Committee, April 7, 1959.

ORS 221.349(1) provides for a jury trial in "prosecutions for any crime or offense." Why both "crime" and "offense" were used is not known. Art I, § 11, commences: "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed." In 1959 ORS 161.020 provided: "A crime or public offense is an act or omission forbidden by law and punishable upon conviction by any of the following punishments: [including fine]."

---

[1] ORS 221.349(1): "In all prosecutions for any crime or offense defined and made punishable by any city charter or ordinance the defendant shall have the right of trial by jury, of six in number. Juries shall be selected from the latest tax roll and registration books used at the last city election in the same manner in which juries are selected for circuit courts. The verdict of the jury shall be unanimous."

In 1959, and at present, ORS 136.030 provided that in a trial for a violation of a state statute "An issue of law shall be tried by the court and an issue of fact by a jury of the county in which the action is triable."

Probably in 1959 in all trials for all violations of statutes including those punishable only by fine, the defendant could secure a jury trial. Almost certainly, at least in the cities in which their charters provided for jury trials, in 1959 one charged with violation of a city ordinance had a right to a jury trial although the maximum penalty was a fine.

For these reasons I am of the opinion that if we had been called upon to interpret ORS 221.349(1) prior to 1973 we would have construed "prosecutions for any crime or offense defined and made punishable by any city charter or ordinance" to include charges of violating a city ordinance for which the maximum penalty could only be a fine.

In 1971 the legislature adopted a new criminal code. In the new code three statutes are particularly applicable. ORS 161.505 provides:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation or a traffic infraction."

ORS 161.515 provides:

"(1) A crime is an offense for which a sentence of imprisonment is authorized.

"(2) A crime is either a felony or a misdemeanor."

ORS 161.565 provides:

"An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

As a result of these statutes a new kind of offense

was added, a "violation." If an offense is only punishable by something less than loss of liberty, it is a violation and not a crime.

I am not certain between 1971 and 1973 whether one charged with a violation was entitled to a jury trial. In 1973 this doubt was probably dispelled when ORS 136.001 was adopted. It provides: "The defendant in all criminal prosecutions shall have the right to public trial by an impartial jury." In light of the three statutes above quoted, a prosecution for a violation would not seem to be a "criminal" prosecution.

As I see the question, it is whether ORS 221.349(1) can be reinterpreted in light of the change in the law regarding jury trials for violations of state statutes.

Initially, I believed that it could be reinterpreted because of an accepted principle of statutory construction. "Statutes framed in general terms commonly look to the future and may include conditions as they arise from time to time not even known at the time of enactment, provided they are fairly within the sweep and the meaning of the words and falling within their obvious scope and purpose." *Commonwealth v. Welosky,* 276 Mass 398, 403, 177 NE 656, cert den 284 US 684, 52 S Ct 201, 76 L Ed 578 (1931).[2]

This principle was applied in *Commonwealth v. Maxwell,* 271 Pa 378, 114 A 825 (1921). There, an act of 1867 provided that jurors were to be selected "from the whole qualified electors." In 1867 women were not qualified electors in Pennsylvania. The Nineteenth Amendment was ratified. The question was, were women now eligible for jury duty under the Act of 1867? The court applied the above-quoted principle and held they were.

In *Patten v. Sturgeon,* 214 F 65, 67 (8th Cir 1914), the court applied the principle in different circumst-

---

[2]The Massachusetts court held this principle was inapplicable and held contrary to *Commonwealth v. Maxwell,* 271 Pa 378, 114 A 825 (1921), discussed next in this opinion.

ances. An old Oklahoma statute exempted from execution "one carriage or buggy." In 1914 the court held: "We are also of opinion that 'an automobile' is a carriage, within the meaning of the Oklahoma statute * * *."

I have concluded that this principle cannot be applied to reinterpret ORS 221.349(1) so as to provide that a defendant has a right to a jury trial only if prosecuted for a violation of an ordinance for which imprisonment could be imposed. The principle permits including within the purview of a statute conditions, objects or concepts which were not contemplated at the time of the enactment. I do not believe it contemplates interpreting a statute contrary to its original purpose and interpretation. I do not believe we can hold that in 1959 ORS 221.349(1) provided for jury trials for violations of ordinances which carried only a fine as the maximum penalty; however, in 1976, because of a change in the statutory scheme for the trial of charges of violations of state statutes, ORS 221.349(1) does not now so provide.

I consider the correction of this incongruity to be a legislative function.

Tongue, J., joins in this dissent.