Argued and submitted February 18, affirmed April 13, 1983

SPORE,
*Appellant,*
*v.*
CAMAC VENEER, INC.,
*Respondent.*

(78-3734; CA A25300)

661 P2d 582

James B. Ehrlich, Eugene, argued the cause for appellant. With him on the brief was Larry O. Gildea, P.C., Eugene.

Richard A. Roseta, Eugene, argued the cause for respondent. With him on the brief was Flinn, Brown & Roseta, Eugene.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ The plaintiff in this personal injury action is employed by Pinkerton, Inc. He sustained an on-the-job injury at defendant's plant, to which he was assigned as a security guard by Pinkerton. Plaintiff's action was dismissed by the trial court, which made special findings and concluded that defendant was a "mutual employer" of plaintiff and, as such, was immune from the action under the Workers' Compensation Law. *See* ORS 656.018. Plaintiff appeals, and we affirm.

Plaintiff's arguments on appeal relate to the trial court's findings and conclusions that defendant, together with Pinkerton, had the "right of control" over plaintiff's services. Plaintiff argues that there was insufficient evidence to support the findings. We disagree. *Robinson v. Omark Industries,* 46 Or App 263, 611 P2d 665, *rev allowed* 289 Or 741 (1980), *rev dismissed* 291 Or 5, 627 P2d 1263 (1981).

Plaintiff also argues:

"Defendant contracted with Pinkerton to provide a service. It had imput into the makeup of the OJI's [written instructions] because Pinkerton shaped its service to meet the needs of its customers. This is not the sort of control which the court found in *Robinson,* where it found that

" 'While plaintiff was on defendant's premises, defendant had the right to control all aspects of plaintiff's work.' *Robinson v. Omark Industries, supra,* at 46 Or App 266.

"The point must be reiterated that Pinkerton, through its own supervisory personnel and through the OJI manual which it produced, had the right to place and assign plaintiff his tasks at defendant's plant.

"* * * * *

"Classifications aside, the only actual examples of interaction between plaintiff and defendant involved information concerning danger areas, visitors, suggestions regarding safety measures, personnel phone numbers, and items of this nature. Regardless of how this interaction is characterized (i.e., 'orders' or 'information'), there is simply not the degree of control in the present instance that existed in *Robinson v. Omark Industries, Inc., supra.* At the risk of reiterating, the court in *Robinson* emphasized

such elements as control of hours, breaks, physical placement, and specific assignment of tasks. The extent of defendant's control over plaintiff regarding these factors is non-existent, as set forth above."

■ To the extent that that argument is not a continuation in a new guise of plaintiff's quarrel with the trial court's findings, it posits that, as a matter of law, the right of control must be plenary or must extend to particular terms of employment in order to make the person exercising the control an "employer" under ORS 656.005(14).[1] We said in *Robinson:*

"* * * An employe can have more than one employer for workers' compensation purposes. * * * It follows that an employe can be subject to the right of control by more than one employer." 46 Or App at 266. (Citations omitted.)

It also follows that, where there is mutual control, neither of the two employers can singly control *everything* the employe does. There may be cases in which the incidents of control are so minimal that the person exercising that control, as a matter of law, is not an employer, but in light of the facts found by the trial court, this is not such a case.

Affirmed.

---

[1] ORS 656.005(14):

" 'Employer' means any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for *and secures the right to direct and control the services of any person.*" (Emphasis supplied.)