Argued and submitted July 13, reversed and remanded November 21, 1984

CHILDRESS,
*Appellant,*

*v.*

SHORT et al,
*Respondents.*

(83-371-J-3; CA A30557)

691 P2d 109

Jerry E. Gastineau, Medford, argued the cause and filed the brief for appellant.

Thomas M. Christ, Eugene, argued the cause for respondents. With him on the brief were Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a summary judgment for defendants Dean Wilson ("Wilson"), a contract logger and road builder, and Short, one of his employes. Plaintiff was injured when he was struck by a log loader that Short operated in Wilson's employ. Plaintiff sued defendants for negligence. *See* ORS 656.154.[1] Defendants assert that they are immune from suit under ORS 656.018.[2] We reverse.

Plaintiff was a log truck driver employed by Richard Wilson Logging, a log hauler, which paid him at an hourly rate. Wilson subcontracted with Richard Wilson Logging for it to haul logs from a site at which defendants were working. Richard Wilson Logging told plaintiff to drive a log truck to the site to pick up logs. All that the record discloses about the

---

[1] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

[2] ORS 656.018 provides:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"* * * * *

"(2) The rights given to a subject worker and his beneficiaries for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury.

"(3) The exemption from liability given an employer under this section is also extended to the employer's insurer, the department, and the employes, officers and directors of the employer, the employer's insurer and the department except that the exemption from liability shall not apply:

"(a) When the injury is proximately caused by wilful and unprovoked aggression by the person otherwise exempt under this subsection.

"(b) Where the worker and the person otherwise exempt under this subsection are not engaged in the furtherance of a common enterprise or the accomplishment of the same or related objectives * * *."

subcontract between Wilson and Richard Wilson Logging is that the latter was a "subcontractor" of Wilson and that, when plaintiff was injured, he was hauling logs for Richard Wilson Logging "in conformity with the log hauling subcontract." The record does not disclose the extent to which Wilson actually exercised supervisory control over the log loading operation.

ORS 656.018(1) provides that workers' compensation shall be an employer's only liability for a compensable injury to a "subject worker." ORS 656.018(2) provides, generally, that workers' compensation is an injured subject worker's exclusive remedy against "the worker's employer" for a compensable injury. ORS 656.018(3) extends the immunity to other employes of the employer. Defendants assert that plaintiff was a "subject worker" of Wilson, that Short was, therefore, plaintiff's coemploye and that both defendants are immune from suit because of ORS 656.018.

The two elements required to establish that plaintiff was a "subject worker" of Wilson's for purposes of a defendant's immunity under ORS 656.018 are whether Wilson (1) had contracted to pay a "remuneration for * * * [plaintiff's] services" and (2) had the "right to direct and control the services." *See* ORS 656.005(14) and (28);[3] *see also Spore v. Camac Veneer,* 62 Or App 495, 661 P2d 582 (1983); *Robinson v. Omark Industries,* 46 Or App 263, 611 P2d 665, *rev allowed* 289 Or 741 (1980), *rev dismissed* 291 Or 5 (1981). The issue, therefore, is whether defendants carried their burden to establish that there was no genuine issue of material fact on both these points. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). They did not.

Defendants here assert:

"[P]laintiff was compensated by defendant Dean Wilson through the conduit of a subcontractor, Richard Wilson, plaintiff's general employer. Dean Wilson paid Richard

[3] ORS 656.005(28) provides:

" 'Worker' means any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

ORS 656.005(14) provides:

" 'Employer' means any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

> Wilson for the hours worked by plaintiff, and Richard Wilson in turn paid plaintiff."

The record, however, does not show if "Dean Wilson paid Richard Wilson for the hours worked by plaintiff," or even if Wilson paid Richard Wilson Logging. The record also does not support the conclusion that Wilson paid plaintiff through the "conduit" of Richard Wilson Logging.[4] Simply because Richard Wilson Logging subcontracted with Wilson and paid plaintiff at an hourly wage to haul logs "in conformity with the log hauling subcontract" does not establish either that Wilson had "contract[ed] to pay a remuneration for * * * the services" of plaintiff or that defendants have carried their burden to establish that there is here no genuine issue of material fact. Accordingly, the court erred in granting summary judgment for defendants.[5]

Reversed and remanded.

---

[4] Although none of these factors is individually decisive, the record also does not show if the subcontract price was expressly tied to the wages of Richard Wilson Logging's employes, if Wilson made provision for their workers' compensation, unemployment tax or withholding tax, if plaintiff's hourly wages varied depending on the contractor with whom Richard Wilson Logging subcontracted or whether Wilson specifically contracted with Richard Wilson Logging that plaintiff would haul.

[5] Because a genuine issue of material fact exists respecting remuneration, we do not reach the question whether there was a genuine issue of material fact that Wilson had secured the right to direct and control plaintiff's services.