Argued and submitted July 30, affirmed October 8, 1986

CHILDRESS,
*Appellant,*

*v.*

SHORT et al,
*Respondents.*

(83-371-J-3; CA A36393)

726 P2d 411

Jerry E. Gastineau, Medford, argued the cause and filed the brief for appellant.

Thomas M. Christ, Eugene, argued the cause for respondents. With him on the brief were Dennis W. Percell and Luvaas, Cobb, Richards & Fraser, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a judgment which held defendants immune from tort liability by virtue of ORS 656.018.[1] We affirm.

This case was previously before us on appeal from a summary judgment for defendants. We reversed and remanded, because defendants had failed to carry their burden to establish that there was no genuine issue of material fact as to whether defendant Wilson had contracted to pay remuneration for plaintiff's services. *Childress v. Short,* 71 Or App 150, 691 P2d 109 (1984).[2] On remand, the trial court made findings of fact:

> "Dean Wilson paid Richard Wilson an hourly rate for a log truck and a competent driver. The hourly rate was based upon plaintiff's rate of pay and the rental value of the truck supplied by Richard Wilson. In essence, Dean Wilson paid plaintiff's compensation through Richard Wilson.
>
> "* * * * *
>
> "The court further finds that defendant Dean Wilson and Richard Wilson, plaintiff's acknowledged employer, each controlled various aspects of plaintiff's work. Plaintiff was the employee of both employers."

We do not review *de novo,* and the only issue is whether there is any evidence supporting the findings of the trial court. *Cornelison v. Seabold,* 254 Or 401, 408, 460 P2d 1009 (1969). There is.

Affirmed.

---

[1] ORS 656.018(1)(a) provides, in pertinent part:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers * * *."

[2] We did not reach the question of whether there was a genuine issue of material fact about whether Wilson had the right to direct and control plaintiff's services.