Argued and submitted June 19, reversed and remanded December 6, 1989,
reconsideration denied February 23, petition for review allowed May 22, 1990
(310 Or 70)
See later issue Oregon Reports

# MARTELLI,
*Appellant,*

*v.*

# R.A. CHAMBERS AND ASSOCIATES,
*Respondent.*

(87 1402; CA A49992)

783 P2d 31

Edward Harri, Salem, argued the cause for appellant. On the briefs were James C. Egan and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Lloyd W. Helikson, Eugene, argued the cause for respondent. On the brief were William G. Wheatley and Jaqua & Wheatley, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

In this action for damages for personal injuries, plaintiff appeals from a summary judgment for defendant granted on the ground that defendant is immune from liability by reason of the Workers' Compensation Law. ORS 656.018. We reverse.

At the time of plaintiff's injury, defendant was the general contractor for renovation of a hospital. Associated Sheet Metals, Inc., (Associated) subcontracted directly with defendant to do sheetmetal work on the project for $60,500. Defendant also contracted with Bowen Brothers, Inc., as a subcontractor to do the major part of the renovation. Bowen Brothers, Inc., then also subcontracted with Associated for other sheetmetal work at a unit price of approximately $233,000. Associated agreed to maintain workers' compensation insurance for its employes.

Plaintiff was employed by Associated and alleged that he was injured while working for Associated on the hospital job site when a set of wooden steps that he was ascending gave way. He alleged that defendant had constructed the stairway and was in charge of and had control of the work site.

Defendant filed various motions pursuant to ORCP 21, and some of them were allowed. It did not file an answer, but moved for summary judgment, contending that it was immune from liability under the Workers' Compensation Law. The only evidence material to that issue that was submitted by defendant in two affidavits describing the subcontracts executed by defendant and Associated, copies of the various subcontracts and certificates that Associated had workers' compensation coverage. Plaintiff did not file a written response or any evidence. There was a hearing on the motion that is not a part of the record.

Plaintiff's essential argument is that defendant is not his employer and, therefore, does not qualify for statutory immunity. He contends that there is a fact issue as to whether he is a subject worker of defendant under ORS 656.005(13) and ORS 656.005(27). Defendant initially argues that plaintiff did not preserve the challenge that he makes on appeal, because the record does not show that he made any factual or

legal challenge to defendant's motion. Defendant had the burden to establish that summary judgment was appropriate because there is no issue as to a material fact and that it was entitled to judgment as a matter of law. Plaintiff's failure explicitly to challenge the factual basis and the issue of law below does not preclude him from arguing on appeal that defendant did not meet its burden. *McKee v. Gilbert,* 62 Or App 310, 661 P2d 97 (1983).

ORS 656.018(1) provides that workers' compensation is an employer's only liability for a compensable injury to a "subject worker," and ORS 656.018(2) provides generally that benefits under the act are an injured worker's exclusive remedy against "the worker's employer" for a compensable injury. The exclusivity of the remedy and the limitation of liability is applicable when a worker-employer relationship exists. The two elements necessary to create the relationship, *i.e.,* to make plaintiff a "subject worker" of defendant, are whether defendant had contracted to pay "a remuneration for and secure the right to direct and control the services" of plaintiff. ORS 656.005(13); ORS 656.005(27).

Defendant points to its contract with Associated and argues:

> "Defendant's payment of the subcontractor price to Associated, who in turn paid plaintiff for his services, was sufficient remuneration by the defendant for the services of the plaintiff."

Although the lack of a direct transfer of funds between the parties is not determinative, "remuneration" contemplates a more direct *quid pro quo* between payment and services than the possibility that plaintiff's compensation as a worker will ultimately come from the contract payment to his employer. *See Childress v. Short,* 71 Or App 150, 691 P2d 109 (1984). Defendant presented no evidence regarding payment other than the contract between it and Associated, which called for certain work to be done by Associated for a single stated price. Under this state of facts, defendant was not plaintiff's employer and plaintiff was not a subject worker of defendant.

Defendant argues in the alternative that it should have the same immunity as plaintiff's employer, because it is potentially liable for workers' compensation for plaintiff

under ORS 656.029 and ORS 656.556.[1] It argues that, if it is secondarily liable for compensation to a worker, it should also have the immunity from civil action accorded the worker's primary employer. Whatever might be the virtues of such a policy, immunity is based on an employer-worker relationship, and neither statute creates that relationship.

Reversed and remanded.

---

[1] ORS 656.029(1) provides, in part:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals * * * who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences."

ORS 656.556 is to a similar effect.